**James KENNEDY, Appellant,**

v.

**Mildred Louise BECKER et vir., Appellees.**

**No. 5513.**

Court of Civil Appeals of Texas, Waco.

Dec. 4, 1975.

Frank D. Kerbow, Austin, for appellant.

Sneed, Vine, Wilkerson, Selman & Perry, Gretchen E. Raatz, Austin, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Kennedy from judgment terminating the parent-child relationship between appellant and his twelve year-old son.

Charles Dolen Becker and wife Mildred Louise Becker petitioned the trial court to terminate the parent-child relationship between appellant and his son Jay Patrick Kennedy. Mildred Louise Becker is the mother of the child, and Charles Dolen Becker is her present husband. The petition alleged that the child lived with petitioner and wife; that appellant had failed to support the child in accordance with his ability during a period of one year ending within six months of the date of filing of petition, and that termination of the parent-child relationship was in the best interest of the child.

Trial was before the court which after hearing found: that appellant failed to support the child in accordance with his ability during a period of one year ending within six months of the date of filing of petition; that termination would be in the best interest of the child; and decreed that the parent-child relationship between appellant and his son be terminated.

Appellant appeals on 2 points:

1) The Court erred in finding that appellant had failed to support his child in accordance with his ability during a period of one year ending within 6 months of the date of the filing of the petition, for there is no evidence that appellant had *any* income during such period of time.

2) The Court abused its discretion in finding that it is to the best interest of the minor child to grant the termination for the reason that such finding is against the great weight and preponderance of the evidence.

In a non-jury case the trial court is the judge of the credibility of the witnesses, and the weight to be accorded their testimony. *Harrell v. Sunylan Co.*, 128 Tex. 460, 97 S.W.2d 686; *White v. Chamberlain*, NWH (Austin, Tex.Civ.App.) 525 S.W.2d 273.

Texas Family Code Section 15.02 empowers the court to grant a petition terminating the parent-child relationship upon a finding that the parent has: "(F) failed to support the child in accordance with his ability during a period of one year ending within [a] six-months [period] of the date of the filing of the petition; * * *" and "(J) * * * (2) termination is in the best interest of the child."

The petition here was filed on September 11, 1974, thus the relevant time period may be any one-year period beginning on any day during the six-month period from March 11, 1973.

The 1971 divorce decree ordered appellant to pay $25. per week child support beginning November 5, 1971. He has only made one $25. payment since that date, and has never sought modification of the decree. He testified he had given petitioner $400. or $500. but did not say when, and appellee denied that he ever gave her any money. It is true appellant was ill for a time and out of work for a time, but it is further in evidence he lived with his parents in the summer of 1973 and did plastering work for which he was paid $7.90 per hour; and he testified he did not pay the judicially ordered $25. per week because "the mother of the child said he didn't have to". The mother denied telling him such.

There was evidence the stepfather appellee contributed more than half of the support of the minor since September 1972; that the minor lives in appellee's home with his mother and appellee stepfather; that the natural father was indifferent to his visitation privileges; that there was love and affection between the child and appellee stepfather.

The trial court had the opportunity to observe the demeanor, attitude and credibility of the witnesses and of the parties. In situations of this sort the trial judge must be accorded the right to exercise a large amount of discretion, and his judgment should be reversed only when it appears from the record as a whole that he has abused the discretion entrusted to him. *Mumma v. Aguirre*, Tex.S.Ct., 364 S.W.2d 220.

We think there is evidence that appellant did not support the child in accordance with his ability during a period of one year ending within 6 months of the date of filing of petition; and we cannot say from the record as a whole that the trial court abused his discretion.

Both appellant's points are overruled.

Affirmed.