Dennis MEMMER, Appellant,

v.

Stephen Harold ANDERSON et ux., Appellees.

No. 6021.

Court of Civil Appeals of Texas, Waco.

Jan. 4, 1980.

John F. de Mille, Houston, for appellant.

Paul J. McConnell, III, DeLange, Hudspeth, Pitman & Katz, Houston, for appellees.

J. Michael Lytle, Scherer, Roberts, Slone, Gresham & Lytle, Richmond, guardian ad litem.

HALL, Justice.

This suit was brought in the interest of S____ A____ M____, who is a girl born August 30, 1969. Appellee Stephen Harold Anderson is the child's stepfather and appellee Martha Jane Anderson is the child's natural mother. They are husband and wife. Appellant Dennis Memmer is the child's natural father. Stephen and Martha filed this suit on November 30, 1977, to terminate the parent-child relationship between Dennis and the child, for adoption of the child by Stephen, and to change the last name of the child from Memmer to Anderson. They alleged that the termination, adoption, and name-change were in the best interests of the child. As ground for the termination, they alleged that Dennis failed to support the child in accordance with his ability during a period of one year ending within six months of the date of filing of their petition. Dennis answered with a general denial. After a social study had been completed and filed in the case, the suit was heard by the court without a jury on April 5, 1978. Judgment was rendered on April 24, 1978, granting all of the relief sought by Stephen and Martha. Dennis appeals. We affirm the judgment.

The order terminating the parent-child relationship between Dennis and his daughter was made by the court under the provisions of V.T.C.A., Family Code § 15.02,[1] upon express findings (1) that Dennis failed to support the child in accordance with his ability during a period of one year ending within six months of the date of filing of the petition in this case (November 30, 1977), and (2) that the termination was in the best interest of the child. Dennis's complaints on appeal relate only to those findings. He asserts there is no evidence to support either finding; and, alternatively, he contends the evidence is factually insufficient to support the findings.

Dennis and Martha were residents of Akron, Ohio, when they were divorced in December, 1973. In the divorce decree, Dennis was ordered to make child support payments of $25.00 per week into the registry of the Ohio court, beginning in January, 1974. His first payment was made in July, 1974, after Martha initiated a contempt action against him. He then ceased making payments until October, 1974. He made all payments due in October, November, and December, 1974. He made only one $25.00 payment in January, 1975, and one $25.00 payment in February, 1975. All of those payments were made to the court clerk in compliance with the divorce decree. In February, 1975, after a hearing in the Ohio court which was contested by Dennis, Martha secured permission from the court to

---

1. V.T.C.A., Family Code § 15.02 empowers the court to grant a petition requesting termination of the parent-child relationship with respect to a parent who is not a petitioner if the court finds: "(1) the parent has: . . . (F) failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition; . . . and in addition, the court further finds that (2) termination is in the best interest of the child."

move with the child to Houston, Texas. She and the child moved to Houston the next day. Dennis continued to reside in Akron. It is undisputed that Dennis did not make any child support payments or otherwise contribute to the support of the child from February, 1975, until December, 1977, after the petition in our case was filed on November 30, 1977.

At the trial Dennis sought to justify his failure to support the child from February, 1975, to December, 1977, on the grounds (1) that he did not know where the child was after Martha moved to Texas because Martha did not give him her Houston address, and (2) that he was financially unable to make support payments during that time. The record shows that Martha left her Houston address with the clerk of the Ohio court for the forwarding of the support payments. Dennis did not check with the court clerk. His explanation was, "I never thought that the clerk of the courts would handle it when she left the State." There is also evidence that Dennis could have secured Martha's address from her mother, who resided in Akron, but that he did not attempt to do so. The proof shows that Dennis began working for Home Center Incorporated, in Akron, in October, 1974, and that he continued in that employment until January, 1978, with these two exceptions: He was unemployed because of a broken leg from October, 1975, until February, 1976; and he was laid off work from November, 1976, until February, 1977. His take-home pay with the company was $90.00 per week in 1974, $125.00 per week in 1975 and 1976, and $150.00 per week in 1977. His leg injury was job-related, and he received worker's compensation of $50.00 per week while he was off work because of the injury. During the four months he was laid off work he received unemployment compensation of $153.00 per week.

Martha moved to Houston with the intention of marrying Stephen, whom she had known in Akron. Dennis knew that was her purpose.

Stephen and Martha married in June, 1975. They have a good stable marriage. Both are employed, and they own their home. The child has lived with them since their marriage. Stephen and the child have a "very warm" father-daughter relationship. The child is "a happy, well-adjusted child. She enjoys school. She does good in school. She enjoys her home life. She likes having kids in. She thinks of Stephen as her father. She calls him 'Daddy.'" On the other hand, there has been no communication between Dennis and the child since February, 1975—"no visits, no telephone calls, no letters, no birthday or Christmas presents." There is also proof that Dennis was not a good family provider when he and Martha were married, especially during most of the last two years of their marriage.

In a trial without a jury, it is the court's prerogative and duty to judge the credibility of the witnesses and the weight to be given to the evidence. In our case, the court was justified in determining that after Martha moved to Houston to marry Stephen, Dennis decided to end his support of the child, and that he was not thereafter seriously interested in the location or welfare of the child. We hold the evidence is legally sufficient to support the findings in question. Considering the whole record, it is also our view that the evidence is factually sufficient to support the findings. See, *Kennedy v. Becker*, 530 S.W.2d 923 (Tex. Civ.App.—Waco 1975, no writ).

The judgment is affirmed.