Mark Charles HELLMAN, Appellant,

v.

Robert Franklin KINCY, Jr. and Janice Marie Kincy, Appellees.

No. 2–81–001–CV.

Court of Appeals of Texas, Fort Worth.

April 22, 1982.

Henry & Hatcher and Jim J. Hatcher, Gainesville, for appellant.

Sullivant, Meurer & Harris and Wm. B. Sullivant, Gainesville, for appellees.

Before MASSEY, C. J., and SPURLOCK and JORDAN, JJ.

OPINION

SPURLOCK, Justice.

This is an appeal from a district court ruling which terminated the parental rights of Mark Charles Hellman in his son, Michael Wayne. The district court found that appellant had failed to support the child in accordance with his ability during a period of one year ending within six months of the filing of the termination petition, and that termination was in the best interest of the child.

We reverse and render.

Janice Kincy and Mark Hellman were married and had a child, Michael, born on September 18, 1973. When they divorced on May 14, 1976, Janice was appointed Managing Conservator and Mark was appointed Possessory Conservator. Mark Hellman was ordered to pay $35.00 per week child support. There was later modification (of which there was no complaint) which ordered Hellman to pay child support in the amount of $70.00 to be paid on the second and sixteenth of each month, plus $20.00 a month extra until an arrearage of $385.00 was paid. Visitation was also modified to provide for Mark to see the boy each weekend provided he called Janice between 6:00 and 6:30 p. m. each preceding Thursday.

From June 1, 1979, through January 31, 1980, there were no child support payments made. Hellman paid the $140.00 payment in February, 1980, $70.00 in March, 1980, $70.00 in April, 1980 and $140.00 in May of 1980. No payment was made in June, 1980, but payments of $70.00 each were made in July, August and September, 1980. No further payments were made until May 26, 1981, at which time he paid $3,515.00, which was payment in full to that date. No payments were made on the arrearage as ordered in the Contempt Judgment of October 19, 1977, from January, 1979, until May

26, 1981. Hellman exercised his weekend visitation rights about five times from 1980 until the date this suit was filed.

Suit to terminate the parent-child relationship between Appellant and his son was filed on April 9, 1981, under Tex. Family Code Ann. § 15.02(1)(F) and § 15.02(2) which provide as follows:

A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that:

(1) the parent has:

. . . . .

(F) failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition; . . . and in addition, the court further finds that

(2) termination is in the best interest of the child.

In his first two points of error, Appellant asserts that there is no evidence to support the finding of non-support during the requisite period of time and that any evidence is insufficient to support that finding. In addressing the no evidence point we must look only to the evidence which supports the trial court's findings and disregard all evidence to the contrary. In reviewing appellant's insufficient evidence point we must consider and weigh all the evidence in the record and set aside the verdict if it is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Jim Walter Homes, Inc. v. Geffert*, 614 S.W.2d 843 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n. r. e.)

We therefore examine the record with these standards in mind. Appellant argues that to satisfy the requirements of the statute there must be a finding of a period of twelve consecutive months in which he failed to comply with the order of child support. Recent case law supports this position. The one-year period specified in § 15.02(1)(F) means a continuous period of one year in which the parent failed to support the child in accordance with his

ability. *Wiley v. Spratlan*, 543 S.W.2d 349, 351 (Tex.1976). One year, of course, means twelve consecutive months. *In Interest of T.B.S.*, 601 S.W.2d 539 (Tex.Civ.App.—Tyler 1980, no writ). The prerequisites for parental rights to be terminated on grounds of non-support are that the evidence must establish not only that the parent failed to support the child for twelve consecutive months, but also that the parent had the ability to contribute to the support of the child for twelve consecutive months. *In Interest of Guillory*, 618 S.W.2d 948 (Tex. Civ.App.—Houston [1st Dist.] 1981, no writ). We find that even though there is no consecutive twelve month period when Hellman failed to pay the $140.00 payments as ordered, the requisite period of time was satisfied in which the additional arrearage payment was not made. We further find there was sufficient evidence in the record to show that he had the ability to make such payments, and that such payments were not made.

Appellant's first two points of error are overruled.

This brings us to the second requirement of § 15.02, that an additional finding before the parent-child relationship can be terminated must be that termination is in the best interest of the child.

Before a State may sever completely and irrevocably the rights of parents in their natural child, due process requires that the State support its allegations by at least clear and convincing evidence. A 'clear and convincing evidence' standard adequately conveys to the factfinder the level of subjective certainty about his factual conclusions necessary to satisfy due process. *Santosky v. Kramer*, —— U.S. ——, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982).

 Appellate courts considering involuntary termination cases have indicated that more than a preponderance of the evidence is required, and the clear and convincing evidence standard of proof will be required in all proceedings for involuntary termination of the parent-child relationship. *In Interest of G.M.*, 596 S.W.2d 846 (Tex.

1980). Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established". *State v. Addington*, 588 S.W.2d 569 (Tex. 1979). Under this standard of proof, the scope of appellate review is expanded and the appellate court has more discretion in determining whether there was sufficient evidence to support the fact found by the trial court. *FAMILY LAW—Standard of Proof—"Clear and Convincing Evidence" Standard of Proof Will Be Required in all Proceedings for Involuntary Termination of the Parent-Child Relationship*, 12 St. Mary's L. J. 558, 565 (1980).

[The n]atural right which exists between parents and their children is one of constitutional dimensions.... A termination [of this right] ... is complete, final, irrevocable. It divests for all time the parent and child of all legal rights, privileges, duties and powers with respect to each other except for the child's right to inherit. *Wiley v. Spratlan*, supra at 352.

 Termination of the parent-child relationship may not be based solely upon what the trial court determines to be the best interest of the child. *Holley v. Adams*, 544 S.W.2d 367 (Tex.1976). Among the factors which should be considered are

(1) The emotional and physical needs of the child now and in the future;

(2) The emotional and physical danger to the child now and in the future;

(3) The parental abilities of the individual seeking custody;

(4) The plans for the child by the individual seeking custody;

(5) The acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and

(6) Any excuse for the acts or omissions of the parent. *Allred v. Harris Cty. Child Welfare Unit*, 615 S.W.2d 803, 807 (Tex. Civ.App.—Houston [1st Dist.] 1980, writ ref'd n. r. e.).

At least one court has held that a consideration of the best interest of the child included the fact that a step-parent wished to adopt the child and assume parental obligations. *Dressler v. Aldridge*, 567 S.W.2d 48 (Tex.Civ.App.—El Paso 1978, no writ). The same fact is true in this case, however, the Kincy's have only been married a short time, six months prior to the termination judgment, and in the Dressler case the step-father and mother had been married for almost six years. Evidence in another termination case consisted of proof that there was no communication between the father and child for almost three years and no support for the same period of time. *Memmer v. Anderson*, 593 S.W.2d 143 (Tex.Civ.App.—Waco 1980, no writ). In this case testimony revealed that Hellman visited with his son as well as provided some support during the period of time preceding the filing of this petition.

Considering the other factors in determining the best interest of the child set out by the *Allred* court, we find there was an absence of evidence to show any emotional or physical danger to the child now or in the future if the parent-child relationship between Michael and his father should continue. While there were omissions indicating the existing parent-child relationship might not be proper there was an excuse on Hellman's part for the sporatic exercise of his visitation privileges. The requirements for exercising those rights were very stringent and it was not always possible for him to comply. In spite of this, he did manage occasional visits with his son and has made a good-faith attempt to bring current all support payments due, as well as assure the court that he will continue to make timely payments in the future. While there is some evidence of probative force to support the grounds for termination, our concern is whether, on balance, the evidence is clear and convincing. *In Interest of R. L.*, 620 S.W.2d 249 (Tex.Civ.App.—Amarillo 1981, no writ). Here we hold that such evidence as there was failed to meet the requirement that it be "clear and convincing".

Findings of fact and conclusions of law were requested by the appellant, submitted by the presiding judge and filed with this court. The only findings of fact which dealt directly with the best interests of the child were that "Mark Charles Hellman has attempted to visit with Michael Wayne Hellman only on very rare occasions over the past year", and that "Mark Charles Hellman's failure to visit with the child was his own choice". Based on these findings of fact, the court concluded that termination of the parent-child relationship between Mark Charles Hellman and Michael Wayne Hellman is in the best interest of the child. When specific findings of fact and conclusions of law are filed, they will not be sustained if the statement of facts discloses that there is no evidence to support them or that the evidence is conclusive against them, and the appellate court will review the correctness of the legal conclusions drawn from the facts found. McDonald, 4 Tex.Civ.Prac. 29, Sec. 16.10(b) "Presumptions on Appeal" (1971).

We find that the evidence contained in the statement of facts is conclusive against the findings in support of the judgment, and that termination of the parent-child relationship is not in the best interest of the child.

Judgment is reversed, and rendered for appellant, Mark Charles Hellman.