**AFFIRMED and Opinion Filed September 3, 2021**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-00361-CV**

**IN THE INTEREST OF S.E.F. AND M.C.F., MINOR CHILDREN**

**On Appeal from the 303rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-14-23763**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Goldstein
Opinion by Chief Justice Burns

Father appeals the termination of his parental rights to his children, S.E.F. and M.C.F. In a single issue, Father argues the evidence failed to show, by clear and convincing evidence, that he failed to support the children for twelve consecutive months. We affirm the trial court's judgment.

In July 2019, Mother filed her original petition for involuntary termination of Father's parental rights. The petition alleged Father failed to support the children in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition.

In September 2020, Father filed a motion to dismiss Mother's petition. Father argued there had never been a one-year period in which Father went without paying at least one child support payment. Specifically, Father identified the relevant twelve-month period as July 1, 2018 to July 1, 2019, and claimed he made payments of $1000 on April 15, 2019, $2102 on May 3, 2019, and $601 on June 19, 2019.

At a hearing in January 2021, Mother testified that Father was required to pay $701 each month in child support, medical, and retroactive child support. Mother testified that, between March 1, 2018 and February 28, 2019, Father made only a single payment of $701 on May 25, 2018. Mother's testimony was supported by the child support disbursement unit payment record from the office of the attorney general showing the single payment. Father's counsel argued that Mother could not show a period of twelve consecutive months in which Father failed to make a payment. Mother's counsel responded that Father had to pay in accordance with his ability, and the evidence would show Father had the ability to pay more than a single payment within the relevant timeframe.

Father testified that he made a single payment of $701 in the twelve-month period from March 1, 2018 to February 28, 2019. In response to questioning about his bank statements, Father conceded that he deposited $34,902.68 in the bank during the relevant twelve-month period. However, Father testified that amount was "business income without any expenses or anything," and he had a business partner, so all the money was not his. On cross examination, Father confirmed his 2018 tax

–2–

return showed his adjusted gross income was $18,145. Father's tax return also showed his gross income was $51,621 and reflected "car and truck expenses" of $28,978.

In April 2021, the trial court signed an order terminating Father's parental rights. In the order, the trial court found by clear and convincing evidence that Father failed to support the children in accordance with his ability during a period of one year ending within six months of the date of the filing of Mother's petition. This appeal followed.

In a single issue, Father complains that the evidence is legally and factually insufficient to support the termination of his parental rights. Father argues, as he did at trial, that Mother "failed to show, by clear and convincing evidence, that Father failed to support the children for 12 consecutive months as required by" section 161.001(b)(1)(F) of the family code.

Because the fundamental liberty interest of a parent in the care, custody, and control of his child is one of constitutional dimensions, involuntary parental termination must be strictly scrutinized. *Troxel v. Granville*, 530 U.S. 57, 65–66 (2000); *In re K.M.L.*, 443 S.W.3d 101, 112 (Tex. 2014). In parental termination cases, due process requires the petitioner to justify termination by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b); *see In re E.N.C.*, 384 S.W.3d 796, 802 (Tex. 2012) (citing *Santosky v. Kramer*, 455 U.S. 745, 753–54 (1982)). "Clear and convincing evidence" is that "measure or degree of proof that

will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *In re N.G.*, 577 S.W.3d 230, 235 (Tex. 2019) (per curiam) (quoting TEX. FAM. CODE ANN. § 101.007); *In re N.T.*, 474 S.W.3d 465, 475 (Tex. App.—Dallas 2015, no pet.).

On appeal, we apply a standard of review that reflects the elevated burden at trial. *In re A.B.*, 437 S.W.3d 498, 502 (Tex. 2014); *In re A.T.*, 406 S.W.3d 365, 370 (Tex. App.—Dallas 2013, pet. denied). "As a matter of logic, a finding that must be based on clear and convincing evidence cannot be viewed on appeal the same as one that may be sustained on a mere preponderance." *In re A.C.*, 560 S.W.3d 624, 630 (Tex. 2018) (*quoting In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002)). Under both legal and factual sufficiency standards, we (i) consider all the evidence, (ii) defer to the factfinder's credibility determinations, and (iii) determine whether the factfinder could reasonably form a firm belief or conviction that the grounds for termination were proven. *In re N.T.*, 474 S.W.3d at 475; *In re J.F.C.*, 96 S.W.3d 256, 265–66 (Tex. 2002). "The distinction between legal and factual sufficiency lies in the extent to which disputed evidence contrary to a finding may be considered." *In re A.C.*, 560 S.W.3d at 630–31.

In conducting a legal-sufficiency review of an order terminating parental rights, the reviewing court cannot ignore undisputed evidence contrary to the finding, but must otherwise assume the factfinder resolved disputed facts in favor of the finding. *Id.* at 630–31. We "consider all the evidence, not just that which favors

–4–

the verdict," and we assume the fact-finder resolved disputed facts in favor of its finding if a reasonable fact-finder could do so. *In re N.T.*, 474 S.W.3d at 475. We disregard all evidence that a reasonable fact-finder could have disbelieved or found to have been incredible. *Id.*

When reviewing the factual sufficiency of the evidence supporting a termination finding, an appellate court asks whether, in light of the entire record, the evidence is such that a fact-finder could reasonably form a firm conviction about the truth of the State's allegations against the parent. *In re N.T.*, 474 S.W.3d at 475; *In re J.D.B.*, 435 S.W.3d 452, 463 (Tex. App.—Dallas 2014, no pet.). Further, the appellate court must consider whether the disputed evidence is such that a reasonable fact-finder could not have reconciled that disputed evidence in favor of its finding. *In re N.T.*, 474 S.W.3d at 475. If the disputed evidence is so significant that a fact-finder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient. *Id.* "And in making this determination, the reviewing court must undertake 'an exacting review of the entire record with a healthy regard for the constitutional interests at stake.'" *In re A.B.*, 437 S.W.3d at 503 (quoting *In re C.H.*, 89 S.W.3d at 26).

"Texas Family Code section 161.001(b) allows for involuntary termination of parental rights if clear and convincing evidence supports that a parent engaged in one or more of the twenty-one enumerated grounds for termination and that termination is in the best interest of the child." *In re N.G.*, 577 S.W.3d at 232. Here,

the trial court terminated Father's rights under section 161.001(b)(1)(F) of the family code, finding by clear and convincing evidence that Father failed to support the children in accordance with his ability during a period of one year. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(F).

Father argues it is "undisputed that [he] made a payment for the support of the children, which met his full obligation, within the consecutive 12-month period in question." In making this argument, Father omits the language permitting the trial court to order termination of his parental rights upon a finding by clear and convincing evidence that Father failed to support the children "*in accordance with [his] ability*" during a period of one year ending within six months of the date of the filing of the petition. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(F) (emphasis added). Even where there is no consecutive twelve-month period in which a parent entirely fails to make child support payments, parental rights may be terminated if the parent makes partial payment but fails to make payments in accordance with his ability to pay. *Hellman v. Kincy*, 632 S.W.2d 216, 218 (Tex. App.—Ft. Worth 1982, no writ) (applying former statutory provision).

Relying on *Hellman*, Father argues the failure to pay for twelve consecutive months requires an analysis separate from the issue of his ability to pay. Father argues one sentence in Hellman states that "the requisite period of time was satisfied in which the additional arrearage payment was not made" and a separate sentence states the court's further determination that sufficient evidence in the record showed

Father had the ability to make payments but such payments were not made. *See Hellman*, 632 S.W.2d at 218. Apparently relying on the opinion's use of two sentences in this context, Father argues "[h]aving the ability to pay, and whether or not payments are made are two separate, very important findings that need to be made independently in order to terminate a parent's parental rights" under section 161.001(b)(1)(F).

Again, Father's argument ignores critical language in the authority he is citing. In *Hellman*, the court first determined that, "even though there [was] no consecutive twelve month period when Hellman failed to pay the $140.00 payments as ordered," the requisite period of time was satisfied in which additional payment was not made. *See Hellman*, 632 S.W.2d at 218. The court then determined that Father had the ability to make additional payments but did not make them. *See id.* Thus, in *Hellman*, the court merely expressed its determination that Father failed to pay in accordance with his ability using two sentences: (1) there was no consecutive twelve-month payment in which Father failed to pay, but additional payments were not made and (2) the evidence showed Father had the ability to make such additional payments but failed to make them. *See id.* Contrary to Father's argument in this case, *Hellman* supports the trial court's determination that termination was permitted under section 161.001(b)(1)(F). Here, (1) there was no consecutive twelve-month period in which Father failed to pay, but he made no payments in addition to the single payment of $701 and (2) Mother presented evidence in the form of Father's

bank statements and tax returns that showed father had the ability to make additional payments.[1] *See id.* We decline to adopt Father's reading of *Hellman* and section 161.001(b)(1)(F) that would prevent application of that section when a parent makes a minimal payment during a twelve-month period though not a payment in accordance with the parent's ability to pay. *See id.* Under the facts and circumstances of this case, we conclude the evidence is legally and factually sufficient to establish by clear and convincing evidence that Father failed to pay child support in accordance with his ability to pay for a consecutive period of twelve months. *See In re A.C.,* 560 S.W.3d at 630–31; *In re N.T.,* 474 S.W.3d at 475. Accordingly, the trial court did not err in terminating Father's parental rights under section 161.001(b)(1)(F). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(F). We overrule Father's single issue.

We affirm the trial court's judgment.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

210361F.P05

---

[1] Because Father does not acknowledge or address the issue of his ability to pay, he cites no evidence that a single payment of $701 within the twelve-month period at issue was an amount in accordance with his ability to pay child support.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF S.E.F. AND M.C.F., MINOR CHILDREN

No. 05-21-00361-CV

On Appeal from the 303rd Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-14-23763. Opinion delivered by Chief Justice Burns. Justices Molberg and Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered September 3, 2021.