John R. CRAWFORD, Appellant,

v.

Madeline Gold CRAWFORD, Appellee.

No. 16013.

Court of Civil Appeals of Texas, San Antonio.

June 14, 1978.

Rehearing Denied July 31, 1978.

Jose C. Rodriguez, San Antonio, for appellant.

Chilton Maverick, San Antonio, for appellee.

## OPINION

MURRAY, Justice.

Madeline Gold Crawford instituted this suit for the termination of the parent-child relationship between John R. Crawford and their minor daughter.

Madeline and John Crawford were married on January 9, 1971, and had one child by their marriage, Dianna Emmarose, the subject of this suit. On or about July, 1974, respondent, John Crawford, was incarcerated at the State Penitentiary in Huntsville, Texas, and thereafter, petitioner obtained a divorce from respondent which specified that she was to be named managing conservator of the child; that respondent was not to be named possessory conservator; that no rights of visitation would be given respondent and that respondent's obligations to pay child support were recognized but postponed until thirty days after his release from incarceration. Respondent was ordered not to interfere with petitioner's possession or managing conservatorship of the child.

Petitioner, Madeline Gold Crawford, based this suit on the general statutory grounds of Sec. 15.02 of the Texas Family Code Ann. (1975). Sec. 15.02, Termination When Parent is Not Petitioner, provides in part:

A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that:

(1) the parent has:

.    .    .    .    .

(D) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child; .   .   .

.    .    .    .    .

and

(2) termination is in the best interest of the child.

Trial was to the Court without a jury. The district court terminated the parent-child relationship that had existed between respondent and child, Dianna Emmarose Crawford. From this judgment, respondent has perfected his appeal to this Court.

Respondent requested findings of fact and conclusions of law which were filed by the trial court. The court found that John R. Crawford had engaged in conduct which had endangered the physical and emotional well-being of the child. The court concluded that petitioner is entitled to have her petition requesting termination granted and that it would be in the best interest of the child to have the parent-child relationship between the child and her father terminated.

Appellant in his points of error 1 through 3 complains that the trial court erred in terminating the parent-child relationship between the respondent and the child on findings of specific conduct engaged in by respondent which endangered the physical or emotional well-being of the child because these findings were supported by no evidence, supported by factually insufficient evidence and against the great weight and preponderance of the evidence. We disagree.

■ In considering the point of insufficient evidence, the Court must review all of the evidence and the Court must set the verdict aside only if it is so contrary to the overwhelming weight of all the evidence as to be clearly wrong or manifestly unjust. *In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

■ In considering the "no evidence" points, we must view the evidence in light most favorable to the findings and disregard all evidence to the contrary. *In Re King's Estate, supra.* The evidence in this case, viewed most favorably to the judgment, shows that appellee married appellant when she was pregnant with Dianna. Appellant had a history of criminal conduct

prior to his marriage to the child's mother. In July of 1955, appellant was sentenced to life imprisonment for robbery and was paroled after serving 14 years. In 1974, appellant was convicted of possession of heroin and is presently incarcerated in the state penitentiary. A Bench Warrant allowed appellant to be present for the trial of this case which was held on October 7, 1977.

Appellee testified that she obtained a divorce from appellant on January 30, 1975, and that he was a violent man, had beaten her and threatened her life on many occasions, had beaten the child three different times, and each of those times the child received bruises. She further testified that while they were married appellant would simply disappear for three to ten days at a time and abandon them without food or transportation and that she had to call others to bring milk for the baby and often she and the baby did without meals; that appellant carried a gun with him most of the time and was in the hospital in January of 1974 for stab wounds received in a fight; that appellant was unsuccessful in holding a job. Appellee further testified that many times she would return to the house from work and find appellant passed out in the house with a syringe in his veins and that she would pull the needles from his veins so the child wouldn't find out.

Appellee was a high school graduate, was currently holding a job, and was attending San Antonio Junior College. Two letters written to appellee by appellant in July of 1977 show appellant's state of mind and hostility towards appellee. The following excerpts illustrate the contents of those letters:

> Enclosed you will find a copy of my reply . . . .
> My advice to you would be to provide your shister lawyer it. . . .
> I'm sorry I have been very busy with a big damage suit and have neglected filing a few on you and your Punk. But rest assured as soon as I'm completed you will need three or four shisters just to answer the suit. That means if you don't file an answer I receive a default judgment. So if legal-aid is your handle grip it tight.
> . . . I will make a real live fool out of you. . . . I will be represented by a more prominent person than your shister. . . .
> I hope you can stand the mental strain I am going to impose on you Whore . . your near friends and kin-folk's belief that you are gay and are willing to testify to the same . . .
>
> * * * * * *
>
> I will be forced to do what is required to prevent anyone else living there [referring to the house awarded to Petitioner in the Original Divorce Decree] if it means resorting to Violence. Legally if I catch some dude living there I doubt that a jury would convict me if I killed him. So if you wish to continue in the manner in which you are presently living you had better sell or buy the house or obtain an approved agreement with me for him living there. It's very possible that I'll be out in a month then it will be to [sic] late.

■ Appellant in his brief contends that the court's judgment was erroneously based on the bare fact of his incarceration and that mere imprisonment of a parent, of and by itself, does not constitute engaging in conduct which endangers the physical or emotional well-being of the child. In the present case, mere imprisonment, of and by itself, would not constitute the conduct described by subparagraph (D) of Sec. 15.-02(1). *Jordan v. Hancock,* 508 S.W.2d 878 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ); *Hutson v. Haggard,* 475 S.W.2d 330 (Tex.Civ.App.—Beaumont 1971, no writ). But if all the evidence in the case, including imprisonment, shows a course of conduct which has the effect of endangering the physical or emotional well-being of the child, a finding under subparagraph (D) may be justified. *H. W. J. v. State Department of Public Welfare,* 543 S.W.2d 9 (Tex. Civ.App.—Texarkana 1976, no writ). We hold that the trial court's finding that the appellant engaged in conduct which endangers the physical and emotional well-being of the child is supported by sufficient evi-

508

dence. In fact, the evidence taken as a whole, heavily preponderates in favor of the findings of the trial court.

■ Appellant next complains of the finding by the trial court that termination of the parent-child relationship would be in the best interest of the child on the ground of no evidence. Some of the factors to be considered by the court in ascertaining the best interests of the child have been summarized in the case of *Holley v. Adams*, 544 S.W.2d 367 (Tex.1976). Applying the factors as set out in *Holley* and from the evidence as summarized above, we hold that there was ample evidence for the court to find that the best interests of the child would be a termination of the parent-child relationship.

■ Appellant's point of error No. 5 contends that the statute involved is unconstitutional because it deprives appellant of substantive due process in its failure to specify the degree of harm necessary to invoke the statutory operability. We find no merit in this point. See *D____ F____ v. State of Texas*, 525 S.W.2d 933 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ).

Appellant's other points are without merit and they are overruled. The judgment of the trial court is affirmed.