Billy T. WRAY, Jr., Appellant,

v.

Marguerite Wray LENDERMAN, et vir., Appellees.

No. 1482.

Court of Appeals of Texas, Tyler.

Sept. 16, 1982.

Sylvia Mandel, Staff Atty., Tex. Dept. of Corrections, Huntsville, for appellant.

Hugo Schmidt, Saunders, Caldwell, Schmidt & Echols, Tyler, for appellees.

RAMEY, Justice.

This is an action to terminate the parent-child relationship between the natural father Billy T. Wray, Jr., appellant, and his minor son, Christopher Wray. The suit was

filed by the natural mother, Marguerite Wray Lenderman, and stepfather, James Lenderman, appellees. A judgment of termination was entered based upon a jury verdict which found that appellant had engaged in conduct which endangered the physical or emotional well-being of the child and that such termination would be in the best interest of the child. Appellant has perfected his appeal to this court; appellees, through counsel, have notified this court that although they do not concede to the correctness of appellant's points of error, they cannot afford to contest the appeal; no brief or oral argument was presented on behalf of appellees. We affirm the trial court's judgment.

Christopher Wray was born on July 20, 1976, during the marriage of appellant and appellee, Marguerite Wray Lenderman; these parties were divorced May 15, 1978. The divorce decree named the mother managing conservator and Vondal Wray, appellant's mother, possessory conservator; no visitation rights were granted appellant. On July 26, 1978, appellant received a five year probated sentence for the unauthorized use of a motor vehicle. On October 3, 1978, appellant violated the terms of his probation in several respects, including commission of the offense of burglary in Texarkana, Texas. Since December 7, 1978, appellant has been incarcerated in the State Penitentiary to serve the aforementioned five year term for motor vehicle theft in addition to a twenty year term for burglary. Appellees were married September 12, 1978. They filed this action September 18, 1979; it was heard September 30, 1980.

Appellant's first point of error is that the trial court erred in overruling appellant's special exceptions to require appellees to specify the underlying facts supporting the statutory grounds for terminating parental rights as prescribed in § 15.02 of the Texas

Family Code. In their Original Petition, appellees generally alleged that appellant had engaged in conduct prohibited by subparagraphs (E)[1] and (F)[2] of § 15.02(1). Tex.Fam.Code Ann. § 15.02(1)(E), (F) (Vernon Supp.1982). At a pretrial hearing the trial court denied the exception seeking to require appellees to allege the dates and places of the appellant's failure to support the child and granted the second exception requiring additional allegations as to appellant's sentence to the Texas Department of Corrections. Thereafter appellees amended their petition. Appellant filed no special exception to the amended pleading.

We deny appellant's first point of error for several reasons. First, the error of the court, if any, was waived by the failure of the appellant to level his special exceptions to the amended pleading. *Steahr v. Clark,* 535 S.W.2d 39, 41 (Tex.Civ. App.—Austin 1976, no writ); *Mizell Const. Co. & Truck Line, Inc. v. Mack Trucks, Inc.,* 345 S.W.2d 835, 838 (Tex.Civ.App.—Houston 1961, no writ). Second, appellant did not object to the admission of evidence offered in support of the claimant's defective pleading; the exceptions were thereby waived. *King v. King,* 393 S.W.2d 421 (Tex.Civ.App.—Waco 1965, writ ref'd n.r. e.). Third, the trial court has broad discretion in ruling on special exceptions and its ruling will not be disturbed on appeal in the absence of a showing of abuse of that discretion. *City of Abilene v. Jones,* 355 S.W.2d 597, 600 (Tex.Civ.App.—Eastland 1962, no writ); *Southern Underwriters v. Hodges,* 141 S.W.2d 707, 711 (Tex.Civ.App. —Waco 1940, writ ref'd). In appellee's pleading, appellant was apprised of the specific statutory grounds upon which appellees relied. Tex.Fam.Code Ann. § 11- 08(b)(10) (Vernon Supp.1982). Appellant's own conduct constituted the grounds of the allegations; specific criminal offenses were

---

1. "(E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child";

2. "(F) failed to support the child in accordance with his ability during a period of one year

ending within six months of the date of the filing of the petition"; the jury answered the issues pertaining to this subparagraph favorably to appellant, and it is not an issue in this appeal and will not be further considered herein.

cited. There was no abuse of discretion. Finally, if the trial court erred in its rulings on the special exception it was harmless. It is evident from appellant's evidence adduced at the trial that appellant and his counsel were aware of the incidents made the basis of appellee's suit. In addition, appellant's criminal offenses and misconduct relied upon herein were basically undisputed by the appellant or the witnesses produced on his behalf. Therefore the failure to plead additional evidentiary matters, if it was error, was not reasonably calculated to cause and probably did not cause the rendition of an improper judgment in this cause. Rule 434, Tex.R.Civ.P. The first point is overruled.

In points of error two and three appellant contends that there was no evidence, or in the alternative, insufficient evidence to support the jury's findings that appellant endangered the physical and emotional well-being of the child, and that there was no evidence, or in the alternative insufficient evidence, to support the finding that the termination of the parent-child relationship was in the best interest of the child. We do not agree.

■ Texas courts have strictly scrutinized proceedings involving the termination of parental rights. *In the Interest of G.M.,* 596 S.W.2d 846 (Tex.1980). Fundamental constitutional rights are involved therein. *Wiley v. Spratlan,* 543 S.W.2d 349, 352 (Tex. 1976). Conduct which severs the ties of a parent-child relationship can never be justified in the absence of the most solid and substantial reasons. *State v. Deaton,* 54 S.W. 901, 903 (Tex.1900). Termination is complete, final and irrevocable. Therefore clear and convincing evidence is required to establish both requisites under § 15.02. *In the Interest of G.M., supra,* at 596.

■ A number of Texas cases have likewise considered the involuntary termination of the rights of an imprisoned parent. Mere imprisonment of the father will not, standing alone, constitute engaging in conduct which endangers the physical or emotional well-being of a child. *Crawford v. Crawford,* 569 S.W.2d 505, 507 (Tex.Civ. App.—San Antonio 1978, no writ). But if all the evidence, including the imprisonment, shows a course of conduct which has the effect of endangering the physical or emotional well-being of the child, a finding under subparagraph (E) is supportable. *Crawford v. Crawford, supra* at 507. If the imprisonment displays a voluntary, deliberate and conscious course of conduct, it qualifies as conduct which endangers the emotional well-being of the child. *In the Interest of Guillory,* 618 S.W.2d 948 (Tex.Civ. App.—Houston [1st] 1981, no writ). There is some authority that the conduct must have been committed in the presence of the child. *Lane v. Jefferson County Child Welfare Unit,* 564 S.W.2d 130, 132 (Tex.Civ. App.—Beaumont 1978, writ ref'd n.r.e.). *But see Allred v. Harris County Child Welfare Unit,* 615 S.W.2d 803, 806 (Tex.Civ. App.—Houston [1st] 1980, no writ) where the child had not been born at the time of the act resulting in the parent's parole revocation. The questioned conduct need not be directed toward the child nor cause him physical injury. *Allred v. Harris County Child Welfare Unit, supra* at 806. In a case wherein a father, on parole at the birth of his child, is aware of the danger that his parole would be revoked if he again engaged in criminal conduct and nevertheless committed crimes which resulted in his parole being terminated, "this is conduct which endangers the emotional well-being of the child." *Allred v. Harris County Child Welfare Unit, supra* at 806.

■ Despite the careful scrutiny to be given the record in this type of appeal, we find there is probative evidence of appellant's conduct that supports the jury's finding of "endangerment." Here the confinement is the result of two admitted felonies, one of which resulted in the revocation of probation of a five year sentence for car theft and the other being a confinement of twenty years for burglary. These criminal acts occurred during the minor's lifetime at which time appellant was aware of the consequences thereof. The burglary occurred less than three months after appellant had been placed on probation for the automobile

felony. Appellant deliberately violated other terms of his probation. In addition, appellant admitted he had been jailed six to seven other times and had a "long criminal record." His mother admitted that appellant had been involved in criminal mischief throughout his adult life. Furthermore, during the minor's lifetime appellant admitted to a very serious problem with alcoholism; it required his admission to the Rusk State Hospital on one occasion. Appellant specifically admitted that his drinking problem was not good for his son's emotional health. Likewise appellant used illegal drugs, his mother testifying to his being rendered unconscious from an overdose at home. Furthermore, appellant did not deny his former wife's testimony of his violent temper and the beatings that he administered to her; neither did he deny that during his marriage that his family was constantly moving from one place to another because he would not pay the rent, that he would not keep a regular job and that he would regularly leave them for days at a time without advising them of his whereabouts. It should be noted that appellant acknowledged that his son's emotional health was damaged by having him brought to visit appellant at the prison on two or three occasions at the father's specific request. Despite the scrutiny to be accorded the record in this type of proceeding, appellant's voluntary, conscious course of conduct was such that we find ample probative evidence to support the jury's finding with respect to subparagraph (E) of § 15.02(1) of the Family Code.

Likewise, in reviewing the entire record we find that there was sufficient evidence to support the jury's finding that appellant's conduct had the effect of endangering the physical and emotional well-being of the child.

■ As to the no evidence point pertaining to the jury's finding that it would be in the best interest of the minor that the parent-child relationship be terminated, appellant argues that there is a strong presumption that the parental rights should not be severed. Here the evidence rebuts such presumption and it has no further weight. *Allred v. Harris County Child Welfare Unit,* 615 S.W.2d 803, 806 (Tex.Civ. App. [1st] 1980, no writ). Some of the factors that have been considered by the courts in ascertaining the best interest of a child are listed in *Holley v. Adams,* 544 S.W.2d 367, 372 (Tex.1976). It is undisputed that the appellees have provided the child a favorable home environment. Appellant admitted that there was no reason to try to change the custody of the minor; he said that he wanted the child's home conditions to remain as they were. Appellant furthermore admitted that his son "looks good" and is "doing fine." On the other hand, appellant admitted that he had failed as a parent. Furthermore, his lack of interest in his relationship with the child is manifest by his not requesting visitation rights although he acknowledged that he could have asked for them. In requesting that Christopher be brought to the correctional institution when appellant knew that it would be damaging to him is strong evidence of appellant's lack of concern for his son's best interest. A consideration of the *Holley v. Adams'* factors and the evidence before the court lead us to the conclusion that there was probative evidence to support the jury's finding that it would be in the best interest of the child that the parent-child relationship be terminated. In addition, a review of the entire record reflects that there is sufficient evidence to support the jury's verdict to that effect.

The trial court's judgment is affirmed.