Charles O. LANE, Appellant,

v.

**JEFFERSON COUNTY CHILD WELFARE UNIT, Appellee.**

No. 8065.

Court of Civil Appeals of Texas, Beaumont.

Feb. 23, 1978.

Rehearing Denied March 16, 1978.

Richard A. Dawson, Rosharon, for appellant.

Paul N. Buchanan, Asst. Dist. Atty., Beaumont, for appellee.

CLAYTON, Justice.

Charles O. Lane appeals from a judgment in favor of Jefferson County Child Welfare Unit, appellee, in which the parent-child relationship between appellant and his child, Charles Steven Lane, was terminated under the provisions of *Tex. Family Code Ann. § 15.02(1)(E)* (Supp.1978). Judgment of termination was based on a jury verdict which found that appellant had "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child" and that such termination "would be in the best interest of the child." Appellant bases his appeal upon the grounds that there is no evidence and insufficient evidence to support the jury findings. Appellant also urges the unconstitutionality of the statutory provisions under which this action was instituted.

The mother of the child testified she and appellant were married in 1970, and the child involved herein was born in 1973; at times during her pregnancy appellant would become violent and would strike and beat her and inflict bodily injury on her; during her eighth month of pregnancy appellant beat her and raped her leaving bruises upon her body; after the child was born appellant would not "straighten up" and continued to do the same things again, striking and beating her in the presence of the child. At one time appellant came to.

her mother's home, started a fight, knocked her down, beat up her mother, jerked the phone out of the wall and "tore the place up almost hitting the child when he threw a fan across the room." On April 29, 1974, only a few days prior to the institution of this proceeding, while she was living with her mother, appellant "came to her mother's home and threw some bricks or rocks through the window shattering glass in all directions and that the child, Steven, was asleep in the bedroom nearby and that everyone came very close to being cut by the flying glass," and appellant knew of the presence of the child. On June 5, 1974, while the child was in her custody appellant came to the house, "tussled with [her] out in the yard where the child was playing, and grabbed up the child and ran off with him." She testified, without objection, that it would be in the best interest of the child that all the father's paternal rights be terminated.

The testimony further shows that the mother of the child and appellant had an unhappy marriage, moved from place to place and had several separations. She was at the time of the trial living at a commune called Cenikor Foundation in Houston, and she had lived there for approximately eight months (during this time the petitioner had temporary custody of the child); and that such foundation was a drug rehabilitation center. She stated that she had given up her child voluntarily to the Jefferson County Welfare Unit on several occasions. On February 17, 1975, appellant was arrested for the felony offense of robbery. He was convicted on July 31, 1975, and his punishment was assessed at forty years' confinement in the Texas Department of Corrections. Since the trial below, this conviction was affirmed, and he is now in prison serving such sentence.

Several case workers for the petitioner testified as to the history of their relationship with the child and his mother and appellant. Each witness, after detailing his efforts in attempting to assist the parents and the child, testified that it would be in the best interest of the child that the parental rights of the appellant be terminated.

On June 17, 1975, petitioner took its final possession of the child and, amending its petition, sought the termination of appellant's parental relationship. The record is not clear on this point, but it seems to be apparent that the original proceeding was filed May 2, 1974, seeking temporary custody of the child.

Appellant urges that any conduct engaged in by appellant which endangers the child, must have been committed in the presence of the child and directed toward the child.

We agree that the provision of the statute authorizing the termination of the parental relationship if the court finds the parent has "engaged in conduct . . . which endangers the physical or emotional well-being of the child" requires that such conduct must have been committed in the presence of the child, but we do not agree that such conduct must be directed toward the child. Many violent acts could be committed in the child's presence, but not directed toward the child, in such a manner as to actually endanger the child's physical well-being. To hold that the acts must be directed toward the child is to read something into the statute which the legislature did not so provide. Neither do we hold as urged by appellant, the child must actually suffer injuries before the parental relationship could be terminated. The statute provides the conduct must be such as to endanger the physical well-being of the child. We believe this language specifically omits the necessity of proving actual injury prior to parental relationship termination.

Appellant cites *Hendricks v. Curry*, 401 S.W.2d 796 (Tex.1966), as holding that parental rights may not be based solely on conditions which have existed in the distant past but no longer exist. That case involved an abandonment, and the court held that such abandonment must be in existence at the time of the hearing and adjudication. However, in our case, the evidence shows appellant guilty of committing acts of violence in the presence of the child on several occasions, and that such

acts were of a nature to endanger the physical well-being of the child, and that such acts were committed during a period of time up to and including the time immediately prior, and subsequent, to the time petitioner was actually given temporary custody of the child.

We are of the opinion there is in the record some evidence of probative value to raise a fact issue for the jury's determination and that such evidence is factually sufficient to support the jury's verdict.

We find there is no merit to appellant's attack upon the constitutionality of *Tex. Family Code Ann. § 15.02(1)(E)* (Supp. 1978). See *D__ F__ v. The State of Texas,* 525 S.W.2d 933, 941 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ).

The judgment of the trial court is affirmed.

AFFIRMED.