**In the Interest of Tisha Kay GUILLORY, a Child.**

No. 17924.

Court of Civil Appeals of Texas, Houston (1st Dist.).

July 2, 1981.

Wm. Louis White, Huntsville, for appellant.

W. Stephen Rodgers, Bryan, for appellee.

SMITH, Justice.

This is a suit to terminate the parental rights of the mother and father of Tisha Kay Guillory, a child. The father has relinquished his parental rights by filing an affidavit waiving his rights. The mother appeals from a trial court judgment terminating her parental rights.

Tisha Kay Guillory was born August 30, 1977. Her mother, Nancy Guillory, was on probation for a heroin charge at the time of her birth. The father of Tisha was Alvis Allen Bell. In January of 1978, Nancy Guillory called the Bell family residence and asked them to take Tisha for a couple of weeks. Melinda Pertl, one of the petitioners herein, and Jimmy Bell picked up Tisha from Nancy's brother who worked at a wrecking yard. Nancy informed Jimmy and Melinda that she could not take care of Tisha at that time as she had no place to stay. At the time Tisha was picked up, she had a very wet diaper, dirty hair and a flaking scalp. She also had a bad cough and was taking cough medicine. Approximately one week later, Nancy requested Mr. and Mrs. Pertl to return Tisha, however Mrs. Pertl persuaded Nancy to leave the child with her. The following week Nancy returned and took possession of Tisha. On February 22, 1978, at a temporary custody hearing Mrs. Pertl was made the managing conservator of Tisha. The order gave Nancy visitation rights every two weeks, and

Nancy came to see Tisha on her first four visitation dates but has not returned. Nancy has been in the Texas Department of Corrections since May 13, 1979 for aggravated robbery. Her earliest discharge date is May 13, 1982, and her latest discharge date is May 13, 1984.

Mr. and Mrs. Pertl are the aunt and uncle of Tisha. They have been married fourteen years and have two children. Tisha has lived with them since she was five months old. Tisha refers to the Pertls as Momma and Daddy. The Pertls attend church regularly.

By her first point of error the appellant alleges there is no evidence to support the trial court's finding that appellant voluntarily left the child in the possession of another, not the parent and, although expressing an intent to return, failed to do so without providing adequate support of the child and remained away for a period of at least six months.

■ The language of this finding of fact is derived from subsection (1)(C) of Section 15.02, Texas Family Code, which provides the following:

(C) voluntarily left the child alone or in the possession of another without providing adequate support of the child and remained away for a period of at least six months;

The record reflects that the appellant voluntarily left her child with the appellees herein for a period of one week and then returned to claim the child. The record further reflects that when appellant was given an opportunity to visit with her child she did so for four consecutive visitation periods and has not visited the child since. Appellee did not meet her burden of proof under section 15.02(1)(C) Texas Family Code because there is no evidence that appellant voluntarily remained away for a period of at least six months. Appellant's first point of error is sustained.

■ By her second point of error, appellant asserts there is no evidence or insufficient evidence to support the trial court's finding that appellant knowingly placed

and knowingly allowed the child to remain in conditions or surroundings which endangered the physical and emotional well being of the child.

The language of the above finding of the court is derived from Article 15.02(1)(D), which reads as follows:

(D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;

The evidence proffered by the appellees to support termination of parental rights under 15.02(1)(D) of the Family Code was primarily the testimony of Jimmy Bell and Melinda Pertl. Their testimony revealed that when appellant called for them to come get Tisha, they went from Deenville, Texas to Houston, to the address given to them by the appellant. The location was a wrecking yard and they found the appellant, two of her brothers and Tisha in a building similar to a trailer house on the back of the premises. When they entered the building, the smell of glue was of such intensity that it, "Like knock you down." The two brothers offered Jimmy Bell a bag with glue and some other contents in it to sniff, but he refused to take the bag. Tisha's physical condition at this time has been heretofore described, but it was also testified, that when Melinda and Jimmy entered the premises, Tisha was crying and her diaper was so saturated with urine that the urine had gone through the blanket wrapped around her. Tisha was about five months old at that time.

When Melinda and Jimmy started to leave the premises with Tisha, appellant told them "She couldn't take care of it (Tisha) right now, because her (appellant's) head was jacked out of shape." The evidence reflected further that after Tisha was born the appellant and Tisha went to live with appellant's father and step-mother. Her father testified that Nancy and Tisha were welcome to live in his home, but that he had had "hard talks, with Nancy and she would come and go as she pleased with the baby" until she gave the baby to the Pertls." There is no evidence where Nancy took Tisha during the absence from her father's home. One of Nancy's brothers who was living at the wrecking yard had been convicted of burglary two times.

We hold that the evidence supports the trial court's finding that the appellant placed her five month old child in conditions and surroundings which would endanger the physical and emotional well being of that child. The appellant's second point of error is overruled.

Appellant alleges in her third point of error that there is no evidence or insufficient evidence to support the trial court's finding that appellant engaged in conduct which endangered the physical and emotional well being of the child. Section 15.-02(1)(E), Texas Family Code, states as follows:

(E) engaged in conduct or knowingly placed a child with persons who engage in conduct which endangers the physical or emotional well-being of the child;

The appellant's life style was less then exemplary as is evidenced by the fact that she was pregnant with Tisha before being divorced from her husband and the biological father was not her husband. Appellant was pregnant with Tisha when she was placed on probation for possession of heroin. The instability and misery of her life is shown by her inability to keep a job, her use of drugs, and her refusal to accept a permanent place to live.

The appellant continued to use drugs after Tisha was born, and although she violated the terms of probation after Tisha's birth, her probation was reinstated. In May of 1979, she was incarcerated at the Texas Department of Corrections for aggravated robbery.

■ Imprisonment of a parent, of and by itself, does not constitute conduct described by sub-paragraph (E) of section 15.-02, Texas Family Code; nevertheless, where it displays a voluntary, deliberate and conscious course of conduct, it qualifies as conduct which endangers the emotional well being of a child. *Allred v. Harris County Welfare Unit and George Ford, Director of Harris County Child Welfare Unit*, opinion

not yet published (Tex.Civ.App.—Houston [1st Dist.] 1980). *In the Interest of S. D. H., A Child,* 591 S.W.2d 637 (Tex.Civ.App.—Eastland 1979, no writ). Further, it is not necessary that the conduct be directed at the child or that the child actually suffer injury. *Allred v. Harris County Child Welfare Unit and George Ford, Director of Harris County Child Welfare Unit, supra; Lane v. Jefferson County Child Welfare Unit,* 564 S.W.2d 130 (Tex.Civ.App.—Beaumont 1978, writ ref'd n. r. e.).

■ There is evidence sufficient to support a finding that Nancy Guillory has engaged in conduct, before and after the birth of Tisha, which endangered the physical and emotional well being of the child. The appellant's third point of error is overruled.

Appellant alleges in her fourth point of error that there is no evidence or insufficient evidence to support the trial court's finding that appellant failed to support the child in accordance with her ability during the period of one year ending within six months of the date of the filing of the petition. We agree with this contention.

■ The prerequisites for parental rights to be terminated on grounds of non-support are that the evidence must establish not only that the parent failed to support the child for twelve consecutive months, but also that the parent had the ability to contribute to the support of the child for twelve consecutive months. *Brokenleg v. Butts,* 559 S.W.2d 853 (Tex.Civ.App.—El Paso 1979, writ ref'd n. r. e.); *Craddock v. Worley,* 601 S.W.2d 445 (Tex.Civ.App.—Dallas 1980, no writ). This rule applies even where the inability to pay is the result of the parent's conscious choice. *Compasano v. Texas,* 576 S.W.2d 100 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ).

■ The appellees received possession of Tisha in January of 1978. The appellant worked only occasionally in June, July, August and December of 1978 and in January and February of 1979. Appellant has been incarcerated since May 13, 1979.

Appellant has not had income for a consecutive twelve month period and there is no evidence that appellant failed to support Tisha in accordance with her ability during the period of one year ending within six months of the date of filing of the petition. The appellant's fourth point of error is sustained.

Section 15.02 of the Texas Family Code provides for an involuntary termination of parental rights, (1) if the conduct of the parents is encompassed by any one of the subsections of Article (1); and (2) if termination is in the best interest of the child.

Tisha's father waived contest of this termination suit, and we have hereinabove held that the conduct of the appellant, Tisha's mother, was of such nature to be encompassed by Section (1)(D) and (E), either of which are grounds for terminating appellant's parental rights.˙ Thus, the only subject matter remaining for our determination is whether it is in the best interest of the child to terminate her mother's parental rights.

■ There is a strong presumption that the best interest of a child is usually served by keeping custody in the natural parents. *McGowan v. State of Texas,* 558 S.W.2d 561 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n. r. e.); however, once evidence is produced to support a finding of the non-existence of that presumed fact the case will proceed as if no presumption exists. *McGuire v. Brown,* 580 S.W.2d 425 (Tex.Civ.App.—Austin 1979, writ ref'd n. r. e.).

■ The appellant's course of conduct of taking drugs while she was pregnant with the child, conviction of possession of heroin while carrying the child, continuing to take drugs after the birth of the child, having the child in the presence of persons "sniffing glue" when the child was only five months of age, giving possession of the child to other persons, and committing and being convicted of aggravated robbery when the child was less than two years old, are persuasive evidence that the appellant is not the proper person to rear the child.

We hold that there is sufficient evidence in this case to support the trial court's finding that it would be in the best interest of the child to terminate the appellant's parental rights.

The judgment of the trial court is affirmed.

COLEMAN, C. J., and PEDEN, J., also sitting.