**In the Interest of S.D.S. and R.L.F., Jr., Children.**

**No. 2–82–074–CV.**

Court of Appeals of Texas, Fort Worth.

Feb. 10, 1983.

Rehearing Denied April 14, 1983.

Kelsey, Wood, Gregory, Duncan & Holt, and D. Michael Gregory, Denton, for appellant.

Freddie Dean Marsh, Asst. Dist. Atty., Denton, for appellees.

Philips, White, Davidge, Griffin, Shelton & Eames, and Robert N. Eames, Denton, ad litem for children.

Before HUGHES, JORDAN and ASHWORTH, JJ.

## OPINION

HUGHES, Justice.

The Texas Department of Human Resources instituted this action against the Natural Mother and Natural Father to terminate their parental relationship with S.D.S. and R.L.F., Jr. The children's father was convicted of abusing the children and voluntarily relinquished his parental rights as part of a plea bargain. The mother's rights were terminated under Sec. 15.02 of the Texas Family Code when the lower court found that she knowingly allowed the children to remain in conditions and surroundings which endangered the physical and emotional well-being of the children and knowingly placed the children with a person who engaged in conduct which endangered the physical and emotional well-being of the children. The court also found that termination would be in the best interest of the children. The Natural Mother is appealing that decision.

We affirm.

There are general principles which apply to all parent-child termination proceedings. There is a strong presumption that the children's best interest is usually served by keeping them with their natural parents. *Wiley v. Spratlan,* 543 S.W.2d 349 (Tex.1976). Once evidence is produced, though, to support a finding of the non-ex-

istence of that presumed fact, the case will proceed as if no presumption exists. *In Interest of Guillory,* 618 S.W.2d 948 (Tex. Civ.App.—Houston [1st Dist.] 1981, no writ). Furthermore, in involuntary parent-child termination proceedings, the essential facts must be proved by "clear and convincing evidence." *In Interest of G.M.,* 596 S.W.2d 846, 847 (Tex.1980). The "clear and convincing evidence" standard is defined as "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."

The Natural Mother raises two points of error in her appeal. The first point claims that the trial court erred in rendering judgment terminating her parental rights because the children were not represented at the trial by an attorney ad litem or guardian ad litem that had been authorized or appointed by the court. The record shows otherwise. The children were represented by an attorney ad litem and the point of error is overruled.

In her second ground of error, the Natural Mother argues that the statutory grounds for an involuntary parent-child termination were not proven by clear and convincing evidence. There was no evidence that the Natural Mother engaged in conduct herself which endangered the physical and emotional well-being of her children. The evidence adduced at trial showed that it was the Natural Father who was violent and endangered the children. There was also evidence that the mother took action on several occasions to save the children from the father and that she did eventually seek outside help for them.

■ The Department of Human Resources argues that the mother's concern for the children was untimely and that by the time she took action to help the children, they had already suffered too much. We agree.

The first acts of abuse by the father occurred in November of 1980. While driving down the road the father would hang the children out the window. There were several of these instances between November and December of 1980.

Then in March of 1981, more acts of abuse occurred. On one occasion, the father attempted to hang his two year old son by placing a rope around his neck. On two or three occasions, he shot the two children in the diaper and on the pants leg with a B-B gun. There was also an incident when he threatened one of the children with a loaded shotgun.

The mother finally took action to get help for the children when the father slapped the youngest child and threw a baby bottle at him. This placed several bruises on the child and it was at this time that the mother notified the Women's Shelter of the abuse.

The Natural Mother owed these children a duty to protect them and to report their abuser. She argues that her lack of action was due to the fact that she was told by an attorney that nothing could be done until she had proof of their abuse. This argument cannot be accepted when the lives of small children are involved. The mother's lack of responsibility caused these children to be placed in a dangerous situation for a period of five months. There is clear and convincing evidence that the statutory grounds for the termination of the Natural Mother's parental rights have been met. The second ground of error is overruled.

We affirm.

JORDAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case.

I am not convinced that the evidence in this case is sufficiently "clear and convincing" so as to deprive the mother of these children of her natural and constitutional rights of keeping and caring for her natural children.

As the majority opinion points out, there is a strong presumption that the children's best interest is usually served by keeping them with their natural parents, and the evidence required to deprive a natural parent of his or her parental rights must be

"clear and convincing". *Holley v. Adams,* 544 S.W.2d 367 (Tex.1976); *In Interest of Guillory,* 618 S.W.2d 948 (Tex.Civ.App. Houston [1st Dist.] 1981, no writ). I do not believe that this very strong and necessary presumption has been rebutted in this case.

There is no question that the mother delayed somewhat in reporting the abuse of these small children by their natural father, although she eventually did report such abuse to several agencies. Moreover, she even had the father involuntarily committed to the State Mental Institution in Wichita Falls, and eventually divorced him. The evidence shows that she reported these acts of abuse as soon as she had physical evidence to prove that the children were being abused, and that she had been advised by a lawyer that she could not take any action against the father for abuse of the children until she had such evidence. She eventually reported this abuse to the Denton Women's Shelter, the Children's Protective Services Unit of the Texas Department of Human Resources and the Denton County Mental Health Unit.

She even asked the Department of Human Resources to take the children so that the husband could not further harm the children.

The evidence in this case, in my opinion, shows, not a lack of concern or love for her children, but a certain degree of ignorance or uncertainty as to what to do under the circumstances. The evidence also shows a great fear of her husband on her part, because of his harassment and abuse of her, as well as of her children. The mother testified he struck her, forced her to commit acts of prostitution by threatening her life and the life of her children, and that she was not free to leave the house with both children. The husband would not allow her to take both children with her when she left; that he held one child as hostage, more or less.

This case is similar to that of *Shapley v. Tex. Dept. of Human Resources,* 581 S.W.2d 250 (Tex.Civ.App.—El Paso, 1979, no writ), where the court said: "It was only because of the mother's love for her child that the beating was ever called to the attention of the authorities in the first place. Her delay could well have been caused by her own fear of her husband."

In *Wiley v. Spratlan,* 543 S.W.2d 349 (Tex.1976), the Supreme Court held that actions which break the ties between a parent and child can never be justified without the most solid and substantial reasons; that the proceedings should be strictly scrutinized; and that the State bears a serious burden of justification before intervention in this final act of termination. I do not think this test is met in this case.