**In the Interest of K.S.**

**No. 2–87–246–CV.**

Court of Appeals of Texas, Fort Worth.

June 22, 1988.

Sharon Giraud, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty. and C. Chris Marshall, and Delonia A. Watson, Asst. Dist. Attys., Fort Worth, for appellee.

Before HILL, KELTNER and HUGHES (Retired), JJ.

## OPINION

HUGHES, Justice (Retired).

Appellant has appealed from the judgment which terminated her parental relationship to her child, K.S., the eighteen-month old girl who is the subject of this suit.

We affirm.

We overrule all six of appellant's points of error. They are in pairs: (1) no evidence; and (2) insufficient evidence for the trial court's findings. We hold all the trial court's findings to have been sustained by clear and convincing evidence. These findings were that appellant had knowingly placed and allowed the child to remain in conditions and surroundings which endangered the physical and emotional well-being of the child; that appellant engaged in conduct and knowingly placed the child with persons who engaged in conduct which endangered the physical and emotional well-being of the child; and that termination of the parent child relationship was in the best interest of the child.

Testimony before the judge that sustains his findings include: (1) appellant was on drugs; (2) appellant lived with a man who was violent; (3) which man hit the child causing a large swelling on her forehead; (4) which man she continued to live with for eight months after her child was removed from her custody; (5) which man was in the habit of playfully "nicking" her with the point of his knife and one time "accidentally" cut her thigh to the extent of requiring over thirty stitches; (6) which man was also on drugs; (7) which man slept on a bed with appellant while the child slept on the floor with appellant's adolescent brothers; (8) which child witnessed many demonstrations of violence between appellant and her lover; (9) which child was dressed in a dirty adult garment when rescued; (10) which eighteen-month old child had no diapers when rescued; (11) which child had three burned places on her arms plus a swollen place on her head; (12) which child was locked out of appellant's house all night before her rescue; (13) which child was kept locked up with appellant ten hours while appellant was "spaced out" and the child had only a cookie to eat; (14) which child during visits from appellant during the eight months before trial was treated indifferently by her mother; (15) a mother who for eight months, appeared to be more interested in maintaining a relationship with a live-in lover than with her own child, and interestingly enough, (16) complained bitterly that her own mother

was too interested in maintaining her relationship with her husband to care about her.

The testimony clearly shows that appellant was long on *agreeing* to cooperate with the Human Resources people but short on action. She agreed to have a drug examination but never appeared for one and expected the judge to take her word that she had been off drugs for two months. She was over an hour late for the trial of this case. She did not cooperate with her caseworker and did not keep her advised as to any of the five residences she occupied in the eight month period preceeding trial.

On the basis of the evidence before the trial judge, he could well have concluded the appellant was a masochist whose first "Mr. Goodbar" playfully nicked her with his knife and "accidentally" cut a big slice in her leg. She enjoyed that treatment so much that she lived with him for another eight months while the Texas Department of Human Resources was caring for her child. The judge could have well reasoned that the next "Mr. Goodbar" she chose to live with might playfully nick her jugular and also injure her child—if not by force then by terror.

In the case of *Holley v. Adams*, 544 S.W.2d 367 (Tex.1976) the court reasoned that the termination in that case should not have been ordered because there were some emotional ties between mother and child; in the present case we fail to see where any were proven. Certainly the trial court had before it the testimony of a lack of emotional contact between the two in the few times she saw fit to visit her. Indeed, a number of times she failed to appear, and when she did the testimony was negative as to a good mother-daughter relationship.

We do not deem it necessary to perorate on the numerous facets of the law pertaining to parent-child termination, as that has been amply covered and is well settled in such cases as *Holley*. We also find a 1981 case that is very similar to the one at hand which recounts motherly conduct similar to that of appellant. *In the Interest of Guil-*

*lory*, 618 S.W.2d 948 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ).

Having considered all six points of error urged by appellant and overruled them, we affirm the judgment of the trial court.