In the Interest of A.C. and L.C.

No. 2–88–032–CV.

Court of Appeals of Texas,
Fort Worth.

Oct. 5, 1988.

Henderson & Snell, P.C., Paul Snell, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, Cindy Singleton, and Beverly Fisher, Assts., Denton, for appellee.

Before FENDER, C.J., and KELTNER and LATTIMORE, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, K.W., is the mother of L.C. After a bench trial, the trial judge terminated K.W.'s parental rights and awarded custody of L.C. to the Tarrant County Child Protective Services Unit of the Texas Department of Human Resources. K.W. appeals the termination judgment.

We affirm.

Appellant alleges four points of error with the trial court's judgment. Essentially, all four points assert that there was no evidence, or insufficient evidence, to support a finding of termination based on section 15.02 of the Texas Family Code.

K.W. has had five children by several fathers. Two of them, A.C. (age eight at the time of trial) and L.C. (age five at trial), were the subject of this suit. An older half brother of the two children had sexually abused both of the children while K.W. was out of the house working. A complaint was filed with the Department of Human Resources and a Child Protective Services specialist was assigned to the complaint. Though the case worker suggested counseling for both K.W. and the older boy, little came of this. K.W. was aware that the older half brother had committed the abusive acts on the younger children. Previously one of K.W.'s boyfriends, S.H., had sexually assaulted one of K.W.'s other children and served two and a half years in prison for this offense. He returned to the home and assaulted her again, and once more S.H. went to prison. S.H. is the natural father of L.C.

K.W. spent most of her days working, and made various arrangements to take care of the children. However, in 1986 she again left the younger children in the custody of the older brother, and again he sexually abused A.C. and L.C. At this point Child Protective Services removed the children from the home and later brought this termination proceeding. An agreement was worked out whereby A.C.'s biological father (who is not the biological father of L.C.) was given managing conservatorship of her. The trial judge approved

this agreement. In regard to L.C., the trial judge terminated the parental rights of K.W., S.H. (L.C.'s biological father), and A.C.'s father (L.C.'s legal father). K.W. challenges the termination of her parental rights to L.C. on appeal.

■ The natural right existing between parents and their children is of constitutional dimension. *Holick v. Smith,* 685 S.W.2d 18, 20 (Tex.1985). The rights to conceive and raise one's own children have been deemed "essential," "basic civil rights of man," and "far more precious ... than property rights." *See Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551, 558 (1972). A termination decree is complete, final, irrevocable and divests for all time that natural right as well as all legal rights, privileges, duties and powers with respect to each other except for the child's right to inherit. *Holick,* 685 S.W.2d at 20.

■ In proceedings to terminate the parent-child relationship brought under TEX. FAM.CODE ANN. sec. 15.02 (Vernon 1986), the petitioner must establish one or more of the acts or omissions enumerated under subdivision (1) of the statute and must additionally prove, as required under subdivision (2), that termination of the parent-child relationship is in the best interest of the child. *Richardson v. Green,* 677 S.W.2d 497, 499 (Tex.1984). Both elements must be established and proof of one of the two elements does not relieve the petitioner of the burden of proving the other element. *See Holley v. Adams,* 544 S.W.2d 367, 370 (Tex.1976); *Wiley v. Spratlan,* 543 S.W.2d 349, 351 (Tex.1976).

■ Termination of parental rights is a drastic remedy and is of such weight and gravity that due process requires the petitioner to justify termination by "clear and convincing evidence." *In Interest of G.M.,* 596 S.W.2d 846, 847 (Tex.1980). This standard is defined as "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *Id.* Termination proceedings should be strictly scrutinized, and involuntary termination statutes are strictly construed in favor of the parent. *Holick,* 685 S.W.2d at 20–21.

In point of error number one, appellant alleges that there was no evidence to support a finding for termination under section 15.02(1) of the Texas Family Code. Point number two asserts that there was insufficient evidence to support a finding on termination under the same section. The trial judge in his decree of termination found that K.W. had:

> Knowingly placed and knowingly allowed the Child to remain in conditions and surroundings which endangered the physical and emotional well-being of the Child; and,

> Engaged in conduct and knowingly placed the Child with persons who engaged in conduct which endangered the physical and emotional well-being of the Child.

These two findings correspond to TEX. FAM.CODE ANN. sec. 15.02(1)(D) and (E) respectively.

In determining a "no evidence" point, we are to consider only the evidence and inferences which tend to support the finding of the judge and disregard all evidence and inferences to the contrary. *See Sherman v. First National Bank,* 760 S.W.2d 240 (Tex.1988) (per curiam); *Larson v. Cook Consultants, Inc.,* 690 S.W.2d 567, 568 (Tex.1985); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951) (per curiam). If there is any evidence of probative force to support the finding of the fact finder the point must be overruled and the finding upheld. *In re King's Estate,* 244 S.W.2d at 661–62.

■ A "no evidence" point of error must and may only be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. *Commonwealth Lloyd's Ins. Co. v. Thomas,* 678

S.W.2d 278, 288 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEXAS L.REV. 361 (1960).

■ The evidence in the record establishes that there is some evidence to prove a violation of section 15.02(1)(E). K.W. left the children in the care of a person whom she knew had sexually abused them in the past. Her conduct in failing to protect her youngest son, L.C., from his half brother establishes some evidence of a violation of section (E). However, there is no evidence of a violation of section (D). Section (D) goes to the environment that the child is in. *See Stuart v. Tarrant County Child Welfare Unit*, 677 S.W.2d 273, 280 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.). There is no evidence here that the child's environment (as opposed to the conduct of his half brother) endangered his physical or emotional well-being.

Our ruling that there was no evidence of a section (D) violation means we do not have to review the sufficiency of the evidence on section (D). We do find that there was clear and convincing evidence to support termination based upon section (E).

■ Clear and convincing evidence is defined as that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See In Interest of G.M.*, 596 S.W.2d at 847. This is an intermediate standard, falling between the preponderance standard of ordinary civil proceedings and the reasonable doubt standard of criminal proceedings. *Id.* While the proof must weigh heavier than merely the greater weight of the credible evidence, there is no requirement that the evidence be unequivocal or undisputed. *State v. Addington*, 588 S.W.2d 569, 570 (Tex.1979) (per curiam). When considering an insufficient evidence point we are required to consider all of the evidence in the record. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). The fact that K.W. allowed the children to remain unattended in the company of one she knew had abused the children in the past provides a basis for termination under section (E). Also, past evidence shows that she failed to protect her older daughter from the sexual ravages of one of her boyfriends. In the past this court has found sufficient evidence to support termination when one parent fails to properly protect her children from the known misconduct of others. *See Ziegler v. Tarrant Cty. Child Welfare Unit*, 680 S.W.2d 674 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); *In Interest of S.D.S.*, 648 S.W.2d 351 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.); *In Interest of H.W.E.*, 613 S.W.2d 71 (Tex.Civ.App.—Fort Worth 1981, no writ).

Accordingly we overrule appellant's points of error numbers one and two with respect to TEX.FAM.CODE ANN. sec. 15.-02(1)(E), and sustain point of error number one with respect to section 15.02(1)(D).

In points of error numbers three and four, appellant argues that there is no evidence, or alternatively insufficient evidence, to support a finding by the trial judge that termination of K.W.'s parental rights was in the best interest of the child. *See* TEX.FAM.CODE ANN. sec. 15.02(2).

■ In examining the second prong of the section 15.02 involuntary termination test we are to consider the best interest of the child. The Supreme Court of Texas in *Holley v. Adams* listed some of the factors that have been considered by the courts in ascertaining the best interest of the child. Included among these are the following:

(1) The desires of the child and the emotional and physical needs of the child now and in the future;

(2) the emotional and physical danger to the child now and in the future;

(3) the parental abilities of the individual seeking custody, and the programs available to assist this individual to promote the best interest of the child;

(4) the plans for the child by the individual seeking custody, and the stability of the proposed home;

(5) the acts or omissions of the parents which may indicate that the existing parent-child relationship is not a proper one; and

(6) any excuse for the acts or omissions of the parents.

*Holley,* 544 S.W.2d at 371–72.

█ Evidence presented at trial demonstrated that there was both emotional and physical danger to the child now and in the future from the conduct of the boy's half brother. K.W. was often not present at home and frequently moved. K.W. had many relationships that proved to be short and with unstable men. K.W. could show little means of how she would care for L.C. in the future. Appellant claims that her behavior was due solely to a lack of training, intelligence, misfortune, and financial hardship. *See Sanchez v. Texas Dept. of Human Resources,* 581 S.W.2d 260 (Tex. Civ.App.—Corpus Christi 1979, no writ). We find this excuse inapplicable. K.W. had the ability to understand that the children were being abused but failed to do anything substantive to stop it. Other evidence showed that she had found either relatives or baby-sitters to take care of the children in the past. Therefore, it cannot be said that misfortune and financial hardship were the *sole* causes of K.W.'s behavior. The circumstances show at least a measure of indifference to the children's welfare on K.W.'s part.

K.W. introduced evidence that her situation had stabilized. She testified that she now had a steady job, that her relationship with her current husband was now solid, and that she was seeking a permanent residence, though she was now living with friends. K.W. also stated that she would refuse to let Michael back to her household. But K.W. only had her own and her current husband's testimony to support this. The trial judge had the discretion to pass on the credibility of her words in securing a future stable environment for L.C. in light of her past actions. After reviewing the entire record, we cannot say that the trial judge abused his discretion. We therefore find that the evidence was clear and convincing that termination was in the best interest of the child. Appellant's points of error numbers three and four are overruled.

The judgment of the trial court is affirmed.