**In the Interest of D.L.B.**

No. 04–96–00778–CV.

Court of Appeals of Texas, San Antonio.

April 2, 1997.

Scott R. Donaho, Kirk Dockery, Donaho & Dockery, P.C., Floresville, for appellant.

Gary W. Shank, Floresville, Paul A. Finley, Reagan, Burrus, Dierksen, Lamon & Bluntzer, P.C., New Braunfels, for appellee.

Before RICKHOFF, LOPEZ and ANGELINI, JJ.

LOPEZ, Justice.

Appellants, Gary L. Hartman and Diane J. Hartman, bring this appeal from an adverse finding in their suit to terminate the parental rights of Brian Dwayne Baker (Baker), appellee. Appellants are the maternal grandparents of D.L.B. and have raised the child in their home since his birth on August 26, 1989. They were named sole managing conservators of D.L.B. in October of 1991. Baker, the father of the child, has been incarcerated since September of 1991.

In 1994, the paternal grandmother of D.L.B., Patsy Hornsby, filed a petition for grandparent access. After a psychological evaluation was done of Hornsby and D.L.B., the court set temporary scheduled visitation for Ms. Hornsby. In July of 1995, appellants filed a petition to terminate the parental rights of Baker and later filed a motion that the court sever the issue of grandparent visitation from the termination trial. The issues were not severed and the case was tried before a jury. The jury was asked only whether the parent-child relationship between Baker and D.L.B. should be terminated and they answered "no."

In their first two points of error, appellants contend that the trial court erred in denying their motion for judgment notwithstanding the verdict. They claim that the evidence presented met the clear and convincing standard that the best interests of the child would be served by terminating Baker's rights. *See Anthony v. Mays,* 777 S.W.2d 200, 202 (Tex.App.—San Antonio 1989, no writ). They base this contention on Baker's violations under section 161.001 of the Texas Family Code: 1) leaving the child with a non-parent [Hartmans] and expressing his intent not to return; 2) failure to provide adequate support for the child; 3) failure to provide adequate support for the mother during pregnancy; and 4) engaging in conduct that places the child in physical or emotional danger. TEX.FAM.CODE ANN. § 161.001 (Vernon 1996).

To terminate parental rights, there must be a finding that the parent has committed one of the acts in section 161.001, that termination is in the best interest of the child, and that evidence to support the findings is clear and convincing. *See Richardson v. Green,* 677 S.W.2d 497, 500 (Tex.1984). The fact that the parent is incarcerated can contribute to a finding that the parent engaged in a course of conduct which endangered the child's physical or emotional well-being. *In re J.J.,* 911 S.W.2d 437, 440 (Tex. App.—Texarkana 1995, writ denied). If the conduct for which the parent is incarcerated shows voluntary and deliberate actions, it qualifies as conduct endangering the emotional well-being of a child. *In re Guillory,* 618 S.W.2d 948, 950 (Tex.App.—Houston [1st Dist.] 1981, no writ); *cf. Trevino v. Department of Prot. & Reg. Serv.,* 893 S.W.2d 243, 247 (Tex.App.—Austin 1995, no writ). Termination cannot be based on failure to support the child unless there is also evidence of the ability to pay support. *In re Z.W.C.,* 856 S.W.2d 281, 283 (Tex.App.—Fort Worth 1993, no writ); *In re Guillory,* 618 S.W.2d at 951 (no evidence of ability to pay); *Mayfield v. Smith,* 608 S.W.2d 767, 769 (Tex.Civ. App.—Tyler 1980, no writ) (incarcerated parent unable to pay support).

The appellate court must uphold the trial court's judgment if the evidence, when considered in the light most favorable to the jury verdict, is adequate to support the jury's answer. *Dodd v. Texas Farm Prod. Co.,* 576 S.W.2d 812, 814 (Tex.1979); *Briercroft Serv. Corp. v. De Los Santos,* 776 S.W.2d 198, 204 (Tex.App.—San Antonio 1988, writ denied).

Baker explained that he was living with D.L.B.'s mother at the time of D.L.B.'s birth and they were all staying with the Hartmans. Because Baker was in school, and worked for the Hartmans, the Hartmans were paying all of the expenses. He also stated that he was asked to leave the house when a dispute arose over baptizing the baby. He never expressed that he would not return. Baker claims that when the Hartmans were granted conservatorship of the child they obviated any requirement for him to support D.L.B. He expressed concern for his son and a desire to maintain the relationship. The court appointed psychologist testified that termination would not be in the child's best interest and could cause feelings of abandonment and depression to the child.

We find that the evidence was sufficient to support the jury's verdict. Although there is evidence of non-support, we found no evidence that Baker was able to support the child and he gave reasonable explanations for his lack of support. Although the evidence regarding Baker's conviction could be considered endangering the child's welfare, the jury was allowed to weigh all of the evidence, including the testimony of the psychologist that termination was not in the child's best interest. In reviewing all of the evidence in a light favorable to the verdict, we find that the jury's verdict, finding a lack of clear and convincing evidence to terminate Baker's rights, must be upheld. We point out that although the Hartmans provided sufficient evidence that they would make excellent adoptive parents, the issue was whether all of Baker's rights should be terminated, not whether the Hartmans would be better parents for D.L.B. Points of error one and two are overruled.

■ Appellants challenge, in point of error three, the trial court's exclusion of any evidence on the child's wishes in the suit. Appellants assert that the child expressed a desire to be adopted by appellants and this was relevant evidence for the trier of fact. See *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex.1976).

■ The trial court is afforded broad discretion to determine the admissibility of evidence at trial. *Tracy v. Annie's Attic,*

*Inc.,* 840 S.W.2d 527, 531 (Tex.App.—Tyler 1992, writ denied). The decision will not be overturned absent an abuse of discretion. Testimony regarding a declarant's state of mind is an exception to the hearsay rule in a termination proceeding where evidence of the child's desire can be considered. *Melton v. Dallas County Child Welfare Unit,* 602 S.W.2d 119, 121 (Tex.Civ.App.—Dallas 1980, no writ). However, the party calling the witness must make a bill of exception of the excluded testimony. TEX.R.APP.P. 52(b); *Connell v. Connell,* 889 S.W.2d 534, 545 (Tex. App.—San Antonio 1994, writ denied).

Although appellants are correct in their assertion that Mr. Hartman's testimony would have fallen under an exception to the hearsay rule, we were unable to find anything in the record to indicate that the wishes of the child would have been favorable to appellants. No bill of exception was entered summarizing what the testimony would have been. At trial, the child was only seven years old and the attorney ad litem did indicate that the child was not comfortable discussing the issue with him. The only attempt to testify regarding the child's wishes was from Mr. Hartman, but no statement was made when the judge sustained an objection as to hearsay. Under these circumstances, we are unable to find that the trial court abused its discretion in excluding the testimony of the Hartmans as to D.L.B.'s desires. Point of error three is overruled.

■ Appellants challenge, in their fourth point of error, the trial court's denial of their motion for new trial. They contend that a new trial was necessitated because the evidence to support the judgment was insufficient. This point of error is essentially a challenge to the factual sufficiency of the evidence to support the judgment.

■ In order to prevail on this point, appellants must show us that the verdict is so contrary to the overwhelming weight of the evidence to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). If the evidence is conflicting on the material fact issues, the jury's decision should remain intact. *Connell v. Payne,* 814 S.W.2d 486, 489 (Tex.App.—Dallas 1991, writ denied).

Appellee asserts that the evidence does not support any statutory act or omission under section 161.001 of the Texas Family Code or that termination would be in the best interest of D.L.B.

■ We again point out that although Baker's conviction can be considered endangering the physical or emotional well being of the child, a violation of Family Code section 161.001 does not mandate termination. The jury weighed all of the evidence, as set forth above, and failed to find it adequate to terminate Baker's rights. The trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and the appellate court should not act as a thirteenth juror in assessing the evidence and the credibility of the witnesses. *Mohnke v. Greenwood,* 915 S.W.2d 585, 589–90 (Tex. App.—Houston [14th Dist.] 1996, no writ); *Rego Co. v. Brannon,* 682 S.W.2d 677, 680 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

Because the evidence was conflicting on whether the best interests of D.L.B. would be served by terminating Baker's rights, we cannot say that the verdict was so against the great weight of the evidence as to be unjust. Point of error four is overruled.

■ In points of error five and six, appellants assert that a new trial was necessitated due to the errors made by the attorney ad litem appointed to represent the interests of the child. Specifically, they point to the ad litem's failure to advocate the child's desires and his non-committal attitude taken when arguing before the jury. The ad litem made his own determination that D.L.B. was unable to assist him because of his age. Therefore, he told the jury that he was not going to "advocate one position or the another (sic)."

Appellants explain that by taking this position with the jury, the ad litem violated his obligations to represent his client. They also assert that the ad litem was required to turn to D.L.B.'s legal guardians for assistance in determining his best interest and the position to advocate. *Cf.* Tex.Fam.Code Ann. § 153.132(4) (managing conservator has right

to "make other decisions of substantial legal significance concerning the child").

Appellee sets forth the duties of an attorney ad litem in representing a child:

a) An attorney ad litem appointed under this subchapter to represent a child may:

1) investigate to the extent the attorney ad litem considers appropriate to determine the facts of the case;

2) obtain and review copies of all of the child's relevant medical, psychological, and school records; and

3) call, examine, and cross-examine witnesses.

b) an attorney ad litem appointed to represent a child shall within a reasonable time after appointment:

1) interview the child if the child is four years of age or older; and

2) interview individuals with significant knowledge of the child's history and condition.

Tex.Fam.Code Ann. § 107.014 (Vernon 1996).

Appellants also cite to State Bar Rule 1.02 providing that a lawyer shall:

abide by a client's decisions:

(1) concerning the objectives and general methods of representation . . .

(g) A lawyer shall take reasonable action to secure the appointment of a guardian or other legal representative for, or seek other protective orders with respect to, a client when the lawyer reasonably believes that the client lack legal competence and that such action should be taken to protect the client.

Tex.Disciplinary R.Prof.Conduct 1.02(1)(g)(1989), *reprinted in* Tex.Gov't Code Ann. tit. 2, subtitle G app. (Vernon Supp. 1997) (State Bar Rules art. X, § 9). They use this rule to advocate that the attorney ad litem should have consulted the legal guardians of D.L.B., the Hartmans as the managing conservators, regarding the child's wishes. They contend that the ad litem was required to advocate a position for the child.

Mr. Shank, the attorney ad litem, expressed in his opening statement that he was not going to advocate for either side, but was present to represent the child's interest. He

asked the jury to consider the evidence, while focusing only on what was best for D.L.B. Mr. Shank did participate in examining witnesses during the trial. In closing argument, Mr. Shank pointed out that an ad litem attorney may often be placed in a dilemma by not knowing the wants and needs of the child. He discussed having met with D.L.B., taking him to play baseball and golf. Mr. Shank surmised that D.L.B. was not comfortable talking about the case and he was unable to conclude what the child's desires were. The ad litem also met with the Hartmans to discuss D.L.B. He requested the jury weigh the evidence before them according to the charge given, because he could not "in good conscience recommend what [their] decision should be."

We find that Mr. Shank's actions as attorney ad litem for D.L.B. fall within the requirements as set for in section 107.014 of the Family Code. We do not support appellants' position that an attorney ad litem is required to choose a position to advocate, even when unable to determine what the child's wishes are. We also do not agree that where the potential adoptive parents are also the managing conservators of the child, the attorney ad litem is required to advocate a position based on the direction of the legal guardians of the child. This would obviously result in a unfair advantage to the managing conservators. We are unable to find any case law to support this theory. If, however, the attorney ad litem is able to determine a clear position that should be taken for the child, that position should be advocated. *See* TEX.FAM.CODE ANN. § 107.014 (Vernon 1996). Under the evidence presented in this case, we do not find that Mr. Shank's representation of D.L.B. amounted to fundamental error that would necessitate a new trial. Furthermore, appellants did not object to any of Mr. Shank's statements or argument to the jury. *See Lone Star Ford, Inc. v. Carter,* 848 S.W.2d 850, 853 (Tex.App.—Houston [14th Dist.] 1993, no writ). Points of error five and six are overruled.

In their last point of error, appellants challenge the trial court's failure to sever the grandparent visitation issue from the termination suit, thereby confusing the issues before the jury.

A claim is severable if 1) the controversy involves more than one cause of action, 2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and 3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Guaranty Fed. Sav. Bank v. Horseshoe Oper. Co.,* 793 S.W.2d 652, 658 (Tex.1990). The trial court is afforded broad discretion to determine whether claims should be severed. *McGuire v. Commercial Union Ins. Co.,* 431 S.W.2d 347, 351 (Tex.1968); *Gebhardt v. Gallardo,* 891 S.W.2d 327, (Tex.App.—San Antonio 1995, no writ).

The record does not contain an order responding to or ruling on the motion to abate and sever the grandparent visitation issue. The transcript contains only a blank order form. Under Texas Rule of Appellate Procedure 52(a), a party must obtain a ruling on any motion or objection in order to preserve the issue for appellate review. TEX.R.APP.P. 52(a); *State Farm Lloyds, Inc. v. Polasek,* 847 S.W.2d 279, 288 (Tex.App.—San Antonio 1992, writ denied). Because no ruling has been included in the record, appellants have waived this issue. Appellants' last point of error is overruled and the judgment of the trial court is affirmed.