11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

 

In the
Interest of S.L.W. and C.R.W., children

No.  11-03-00390-CV --
Appeal from Taylor County

 

The trial court entered an order terminating the
parental rights of Sabrina Maddox and Ray Wells to their children,
three-year-old S.L.W. and two-year-old C.R.W. 
Maddox appeals from the trial court=s
order terminating her parental rights to her children.[1]  We affirm.

The trial court found that Maddox (1) failed to
comply with the provisions of a court order that established the actions
necessary for her to obtain the return of the children;[2]
(2) used a con-trolled substance in a manner that endangered the health or
safety of the children and failed to complete a court-ordered substance abuse
program or, after completion of a court-ordered substance abuse program,
continued to abuse a controlled substance;[3]
and (3) engaged in conduct or  placed the
children with persons who engaged in conduct which endangers the physical or
emotional well-being of the children.[4]  Maddox brings three issues on appeal in which
she argues that the evidence is both legally and factually insufficient to
support the trial court=s
findings.[5]








A court may order involuntary termination of
parental rights only if the court finds that (1) a parent has committed a
predicate act or omission harmful to the child and (2) termination is in the
best interest of the child.  TEX. FAM.
CODE ANN. ' 161.001
(Vernon 2002); In re B.L.D., 113 S.W.3d 340, 353-54 (Tex.2003).  The court must ensure that these findings are
made by clear and convincing evidence.   In re B.L.D., supra.   Any complaint that the evidence is legally or
factually insufficient to support the findings necessary for termination is
analyzed by a heightened standard of appellate review.  In re B.L.D., supra.  

In a legal sufficiency review, we look at all the
evidence in the light most favorable to the finding to determine whether a
reasonable trier of fact could have formed a firm belief or conviction that its
finding was true.  In re J.F.C.,
96 S.W.3d 256, 266 (Tex.2002).  A
reviewing court must assume that the fact finder resolved disputed facts in
favor of its finding.  In re J.F.C.,
supra.  In a factual sufficiency
review, we must give due consideration to evidence that the fact finder could
rea-sonably have found to be clear and convincing. In re C.H., 89 S.W.3d
17 (Tex.2002).  In reviewing the factual
sufficiency of the evidence, we determine whether the evidence is such that a
fact finder could reasonably form a firm belief or conviction about the truth
of the State=s
allegations.  In re C.H.,
supra.  We  consider whether disputed evidence is such
that a reasonable fact finder could not have resolved that disputed evidence in
favor of its finding.  In re J.F.C.,
supra at 266. 

S.L.W. was removed from
Maddox  in January 2001, and C.R.W. was
removed in September 2001.  The children
were returned to Maddox in February 2002. 
In November 2002, the children were once again removed from Maddox after
Maddox was arrested for having violated a condition of her community
supervision by having a positive drug test. 
Shanna Lenamon, with Child Protective Services (CPS), testified at the
termination hearing that, after a hearing, the children were again returned to
Maddox with the stipulation that Maddox would participate in drug testing.  Lenamon stated that, if Maddox tested
positive for drugs, CPS would consider placing the children back in foster
care.  In January 2003, Maddox again tested
positive for drugs, and the children were removed and placed in foster care.  Maddox was incarcerated at the time of the
hearing for violations of her community supervision. Wells was also
incarcerated at the time of the hearing for manufacturing drugs. 








Section 161.001(1)(E) allows for termination of
parental rights if the parent Aengaged
in conduct or knowingly placed the child with persons who engaged in conduct
which endangers the physical or emotional well-being of the child.@ 
Under subsection (E), the cause of the danger to the child must be the
parent=s conduct
alone and includes the parent=s
actions or omissions or failures to act. In the Interest of S.H.A., 728
S.W.2d 73, 83‑84 (Tex.App. - Dallas 1987, writ ref=d
n.r.e.).  Endanger means Ato expose to loss or injury; to jeopardize.@ Texas Department of Human Services
v. Boyd, 727 S.W.2d 531, 533 (Tex.1987). 
It is not necessary that the conduct be directed at the child or that
the child actually suffers injury. Texas Department of Human Services v.
Boyd, supra.  The specific
danger to the child=s well‑being
need not be established as an independent proposition but may instead be
inferred from parental misconduct.  In
the Interest of J.J., 911 S.W.2d 437, 440 (Tex.App. - Texarkana 1995, writ
den=d). 

The record shows that Maddox has a pattern of drug
abuse.  Maddox had a positive drug test
in November 2002.  At that time, the
court ordered Maddox to submit to further drug testing which would be used in
determining her suitability for permanent placement of the children.  Maddox again had a positive drug test in
January 2003.   Maddox admitted to
Lenamon that she was using drugs.  Maddox
was incarcerated at the time of the termination hearing because her community
supervision was revoked for having a positive drug test.    Evidence of imprisonment shows a course of
conduct which has the effect of endangering the physical or emotional
well-being of the child. Texas Depart-ment of Human Services v. Boyd, supra.
 If the imprisonment displays a
voluntary, deliberate, and conscious course of conduct, it qualifies as conduct
that endangers the emotional well-being of the child.  In the interest of Guillory, 618 S.W2d
948 (Tex.Civ.App. - Houston [1st Dist.] 1981, no writ).  Maddox=s
pattern of drug abuse not only resulted in her incarceration but also shows a
voluntary course of conduct which endangered her children.  Moreover, the record shows that Maddox also
left the children in the care of an individual who was known to abuse
drugs.  








We find that there is probative evidence to
support the trial court=s
finding that Maddox engaged in conduct or knowingly placed the children with
persons who engaged in conduct that endangered the physical or emotional
well-being of the children.   We
additionally find that the trial court could reasonably form a firm belief or
conviction about the truth of the State=s
allegation that Maddox engaged in conduct or knowingly placed the children with
persons who engaged in conduct  which
endangered the physical or emotional well-being of the children. Maddox=s third issue on appeal is
overruled.  Because we have concluded
that there is both legally and factually sufficient evidence to support the
trial court=s finding
under Section 161.001(1)(E), we need not address Maddox=s
first and second issues regarding the sufficiency of the evidence to support
the trial court=s
findings under Section 161.001(1)(O) & (P). 
Only one finding alleged under Section 161.001(1) is necessary for a
judgment of termination.  In re D.M., 58
S.W.3d 801 (Tex.App. - Fort Worth 2001, no pet=n);
In re S.F., 32 S.W.3d 318, 320 (Tex.App. - San Antonio 2000, no pet=n); see also  TEX.R.APP. P. 47.1. 

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE 

 

September 30, 2004

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.

 

 

 

 

 











[1]Wells is not a party to this appeal.





[2]TEX. FAM. CODE ANN. '
161.001(1)(O) (Vernon 2002).





[3]TEX. FAM. CODE ANN. '
161.001(1)(P) (Vernon 2002).





[4]TEX. FAM. CODE ANN. '
161.001(1)(E) (Vernon 2002).  The trial
court=s order stated:  A[E]ngaged in conduct that placed the child with
persons who engaged in conduct which endangers the physical or emotional
well-being of the child.@  The
misstatement of Section 161.001(1)(E) appears to be a typographical error.  





[5]Maddox does not challenge the trial court=s finding that termination of the parent-child
relationship was in the best interest of the children.  TEX. FAM. CODE ANN. ' 161.001(2) (Vernon 2002).