11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
In the Interest of A.L., a child
            No. 11-04-00276-CV -- Appeal from Taylor County
 
            The jury found that Audrey Ellsworth’s parental rights as to A.L. should be terminated. We
affirm.
            To terminate appellant’s parental rights, the jury had to find by clear and convincing evidence
that appellant:
[1] knowingly placed or knowingly allowed the child to remain in conditions or
surroundings which endanger the physical or emotional well-being of the child [as
stated in TEX. FAM. CODE ANN. § 161.001(1)(D) (Vernon 2002)]; or
 
[2] engaged in conduct or knowingly placed the child with persons who engaged in
conduct which endangers the physical or emotional well-being of the child [as stated
in TEX. FAM. CODE ANN. § 161.001(1)(E) (Vernon 2002)]; or
 
[3] had her parent-child relationship terminated with respect to another child based
on a finding that the mother’s conduct was in violation of [Section 161.001(1)(D)
and (E)] or substantially equivalent provisions of the law of another state [as stated
in TEX. FAM. CODE ANN. § 161.001(1)(M) (Vernon 2002)].
 
The jury also had to find that termination of the parent-child relationship between appellant and A.L.
was in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(2) (Vernon 2002).
            Appellant raises three points of error on appeal. Appellant’s first point of error is that the
evidence was legally and factually insufficient to support the jury’s finding that appellant knowingly
placed or knowingly allowed the child to remain in conditions or surroundings which endangered
the physical or emotional well-being of the child. Appellant’s second point of error is that the
evidence was legally and factually insufficient to support the jury’s finding that appellant engaged
in conduct or knowingly placed the child with persons who engaged in conduct which endangered
the physical or emotional well-being of the child. Appellant’s third point of error is that the evidence
was legally and factually insufficient to support the jury’s finding that termination of the parent-child
relationship between appellant and the child is in the best interest of the child.
Background Facts
            Appellant began using drugs in 1986. She stated that, even though she knew she was in her
second trimester with A.L., she used cocaine. Appellant gave birth to A.L., her sixth child, while
she was incarcerated. Appellant released A.L. to Robert Lane, the presumed father. It was later
determined that Lane was not A.L.’s father. 
            Child Protective Services (CPS) was contacted after Lane took A.L. to the doctor for an ear
infection and the doctor noticed a large bruise on A.L.’s forehead. The doctor asked Lane for an
explanation; however, Lane’s explanation was inconsistent with the injury. Lane was asked to leave
A.L. with his sister until CPS finished its investigation. CPS received multiple calls stating that
Lane had picked up A.L. from his sister’s house. CPS stepped in and removed A.L. from Lane’s
care. A.L. was approximately four months old.
            When A.L. was first placed in foster care, the child’s behavior was not that of a “normal”
four-month-old child. A.L. would have “screaming fits, just high-pitched screams, and become real
rigid and inconsolable” and “would not want to be held.” 
            Appellant stated that she had enrolled in several drug and alcohol programs while
incarcerated. She stated that she was on the fifth step of a twelve-step program. However when
asked what the fifth step was, she could not remember. When asked what any of the twelve steps
were, she was unable to recall any of them. Appellant testified that she had bettered herself by
obtaining her GED and attending trade classes. However, appellant completed her GED in 1989 and
has since been placed back in jail for various parole violations. Appellant was currently
incarcerated; and, unless parole is granted, she will be incarcerated until February 11, 2006.
            Since A.L. has been with her foster family, the tantrums have stopped. A.L. was now
behaving like a normal two-year-old. 
Standard of Review
            A court may order involuntary termination of parental rights only if the court finds that (1)
a parent has committed a predicate act or omission harmful to the child and (2) termination is in the
best interest of the child. TEX. FAM. CODE ANN. § 161.001 (Vernon 2002); In re B.L.D., 113
S.W.3d 340, 353-54 (Tex.2003). The court must ensure that these findings are made by clear and
convincing evidence. In re B.L.D., supra. Any complaint that the evidence is legally or factually
insufficient to support the findings necessary for termination is analyzed by a heightened standard
of appellate review. In re B.L.D., supra. 
            In a legal sufficiency review, a court should look at all the evidence in the light most
favorable to the finding to determine whether a reasonable trier of fact could have formed a firm
belief or conviction that its finding was true. In re J.F.C., 96 S.W.3d 256, 266 (Tex.2002). To give
appropriate deference to the fact-finder’s conclusions and the role of a court conducting a legal
sufficiency review, “looking at the evidence in the light most favorable to the judgment” means that
a reviewing court must assume that the fact-finder resolved disputed facts in favor of its finding if
a reasonable fact-finder could do so. In re J.F.C., supra at 266. A corollary to this requirement is
that a court should disregard all evidence that a reasonable fact-finder could have disbelieved or
found to have been incredible. In re J.F.C., supra. 
            In a factual sufficiency review, a court of appeals must give due consideration to evidence
that the fact-finder could reasonably have found to be clear and convincing. In re C.H., 89 S.W.3d
17 (Tex.2002). In reviewing the factual sufficiency of the evidence, we determine whether the
evidence is such that a fact-finder could reasonably form a firm belief or conviction about the truth
of the State’s allegations. In re C.H., supra. A court of appeals should consider whether disputed
evidence is such that a reasonable fact-finder could not have resolved that disputed evidence in favor
of its finding. In re J.F.C., supra at 256. If, in light of the entire record, the disputed evidence that
a reasonable fact-finder could not have credited in favor of the finding is so significant that a fact-finder could not reasonably have formed a firm belief or conviction, then the evidence is factually
insufficient. In re J.F.C., supra at 256. 
Sufficiency of the Evidence
            Section 161.001 allowed the jury to terminate appellant’s parental rights based on any one
of the three grounds, together with a finding that termination was in the best interest of the child. 
Appellant does not dispute that her parental rights were terminated as to her fifth child, L.P.O.E., on
a finding that appellant’s conduct was in violation of Section 161.001. The termination order was
entered into evidence, and the jury was free to review the order.
            The jury needed only one ground to terminate the parent-child relationship, in conjunction
with the best interest of the child, not all three. However, we also find that the evidence was legally
and factually sufficient to support a jury finding that appellant knowingly placed or knowingly
allowed the child to remain in conditions or surroundings which endangered the physical or
emotional well-being of the child as stated in Section 161.001(1)(D). 
            Evidence of imprisonment shows a course of conduct which has the effect of endangering
the physical or emotional well-being of the child. Texas Department of Human Services v. Boyd,
727 S.W.2d 531, 533 (Tex.1987). If the imprisonment displays a voluntary, deliberate, and
conscious course of conduct, it qualifies as conduct that endangers the emotional well-being of the
child. In the Interest of Guillory, 618 S.W.2d 948 (Tex.Civ.App. - Houston [1st Dist.] 1981, no
writ). Appellant’s pattern of drug abuse which resulted in her incarceration shows a voluntary course
of conduct which endangered her children. Moreover, the record further shows that appellant left
the children in the care of an individual whom she assumed used drugs.
            We find that there is probative evidence to support a jury finding that appellant engaged in
conduct or knowingly placed the child with persons who engaged in conduct which endangered the
physical or emotional well-being of the children. We additionally find that the jury could reasonably
form a firm belief or conviction about the truth of the State’s allegation that appellant engaged in
conduct or knowingly placed the child with persons who engaged in conduct which endangered the
physical or emotional well-being of the children. Appellant’s Points of Error Nos. 1 and 2 are
overruled.
            Appellant’s third point of error is that the evidence was legally and factually insufficient to
support the jury’s finding that termination of the parent-child relationship between appellant and
A.L. is in the best interest of A.L. TEX. FAM. CODE ANN. § 153.002 (Vernon 2002) provides that
the best interest of the child shall always be the primary consideration of the court in determining
the issues of conservatorship and possession of and access to a child. TEX. FAM. CODE ANN. §
153.193 (Vernon 2002) provides that the terms of an order that imposes restrictions or limitations
on a parent’s right to possession of or access to a child may not exceed those that are required to
protect the best interest of the child.
            The evidence at trial showed that appellant had been in and out of incarceration since 1989
and that appellant was currently incarcerated. Appellant further testified that she began using drugs
in 1986. She testified that she used cocaine during her pregnancy with A.L. Appellant stated that
she knew she was in her second trimester of the pregnancy while she was using cocaine. A.L. was
born while appellant was incarcerated. Appellant returned home when released and continued to
abuse alcohol and drugs.
            Appellant released A.L. to Lane, the man she thought was A.L.’s father. Appellant testified
that she did not actually know whether he used drugs or not, but she assumed he did.
            Upon reviewing the entire trial record, there is ample evidence that appellant engaged in a
pattern of behavior detrimental to the parent-child relationship. A reasonable trier of fact could have
formed a firm belief or conviction that it was in the best interest of A.L. to terminate the parent-child
relationship with appellant. After giving due consideration to the evidence that the trier of fact could
reasonably have found to be clear and convincing, we find that the evidence is factually sufficient. 
The disputed evidence is not so significant that it would interfere with a reasonable trier of fact’s
firm belief or conviction that it was in the best interest of A.L. to terminate the parent-child
relationship with appellant. Appellant’s third point of error is overruled.
This Court’s Ruling
            The judgment of the trial court is affirmed.
 
                                                                                    TERRY McCALL
                                                                                    JUSTICE
 
August 11, 2005
Not designated for publication. See TEX.R.APP.P. 47.2(a).
Panel consists of: Wright, J., and McCall, J.